[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant has filed a two count substitute counterclaim alleging independent contractual and bailment relationships between the defendant and the intervening plaintiff Stop Shop. This followed the granting of a motion to strike the original counterclaim, (Dorsey, J.) October 24, 1990. On November 14, 1990, Stop Shop filed a motion to strike the substituted counterclaim. On January 3, 1991, defendant filed a motion in opposition to the motion to strike. Both motions were accompanied by memoranda of law. On November 13, 1990, defendant filed a notice of intent to appeal Judge Dorsey's decision of October 24, 1990.
Intervening plaintiff Stop Shop Co., Inc., argues that the defendant's counterclaim is barred by the exclusive remedy doctrine of the Worker's Compensation Act. Stop Shop recognizes, however, that when an independent relationship is established between the employer and a third party, the exclusive remedy provision of the Worker's Compensation Act is not applicable. But, Stop Shop asserts that Counts One and Two of the substituted counterclaim do not sufficiently allege independent relationships that would preclude the operation of the exclusive remedy doctrine. CT Page 1995
In response, defendant argues that the substituted counterclaim alleges both an independent contractual relationship (Count One) as well as a bailor/bailee relationship between defendant and Stop Shop. (Count Two).
As was set forth in the Memorandum of Decision on October 24, 1990, the exclusive remedy provision of the Worker's Compensation Act contains exceptions that apply to third parties:
 When the third party, in a suit by the employee, seeks recovery over a contributory negligent employer, contribution or indemnification is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed.
Ferryman v. Groton, 212 Conn. 138, 144-45 (1989.
Defendant argues that Count One of its substituted counterclaim alleges that Stop Shop breached an independent contractual relationship with the defendant. "The key elements for a breach of a contract claim are: (1) the formation of an agreement; (2) performance by one party: (3) breach of the agreement by the other party; and (4) damages." Posner v. Minnesota Mining Mfg. Co., Inc., 713 F. Sup. 562, 563 (E.D.N Y 1989); citing, Stratton Group, Ltd. v. Sprayregen, 458 F. Sup. 1216
(S.D.N.Y. 1978).
Count One of defendant's substituted counterclaim alleges neither an "agreement" nor the terms under the agreement upon which Stop and Shop's liability rests. Count One fails to allege all the elements of an independent contractual relationship between defendant and Stop Shop.
Defendant further asserts that Count Two of the substituted complaint alleges that a bailor/bailee relationship existed between defendant and Stop Shop. The word bailment is generally defined as "a delivery of property for some particular purpose of an express or implied contract that after the purpose has been fulfilled the property will be returned to the bailor, or dealt with as he directs." 8 C.J.S. Bailments, Sec. 2 1988 (as updated to June 11, 1990); See also On Site Energy Corp. v. Sperry Road Corp., 5 Conn. App. 326 (1985). "A contract of bailment is CT Page 1996 premised on uninterrupted retention of title in the bailor." Id.
In the present action, defendant Cole Associates argues that Stop Shop was a bailee of its own meat slicer. Stop Shop cannot be the bailee of its own personal property. Moreover, defendant Cole Associates cannot be said to be the bailor of the meat slicer because defendant has not alleged that it held title to the slicer. Title to the meat slicer has, with respect to this action, always been in Stop Shop. Therefore, Count Two fails to allege all the elements of a bailor/bailee relationship.
Counts One and Two of the substituted complaint are stricken.
MARTIN L. McKEEVER, JUDGE.