[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for underinsured motorist coverage. The plaintiff, Eric D. Clamage, is the executor of the estate of Amorel S. Clamage ("The Decedent"), who was fatally injured in a two car collision on August 20, 1987. At the time of the accident the decedent was a passenger in a car owned and operated by Brian Belmont. Mr. Belmont was subsequently convicted of manslaughter in the second degree, and he is not a party to this suit. The defendant, Aetna Casualty and Surety Company ("Aetna") is plaintiff's own insurance carrier. Plaintiff brings this action individually and as executor of the decedent's estate.
In a four count amended complaint, the plaintiff alleged that the decedent was fatally injured as a result of the carelessness and recklessness of Brian Belmont; that Belmont operated his automobile in violation of General Statutes14-219, 14-227a, and 14-230; and that the statutory violations were a substantial factor in causing the decedent's fatal injuries. Plaintiff further alleged that defendant Aetna had issued personal auto policies to both plaintiff and the decedent, which provided uninsured/underinsured motorist coverage in the amount of $600,000. With the consent of Aetna, Belmont's insurance carrier paid plaintiff $100,000, the limit of Belmont's policy.
The damages for bodily injuries sustained by the plaintiff allegedly exceed the $600,000 coverage of the policies issued by Aetna. Plaintiff alleged that despite demand by the plaintiff, Aetna has wrongfully failed and refused to pay the plaintiff the amount due under the policies. The plaintiff alleged that Aetna's refusal to pay constituted an unfair insurance practice, an unfair trade practice, and a breach of the implied covenant of good faith and fair dealing. In the prayer for relief, plaintiff claimed double and treble damages pursuant to General Statutes14-295.
By motion dated January 17, 1990 Aetna moved to strike the claim for double or treble damages. The court, Cioffi, J., granted the motion on the ground that since Aetna was not the driver of the car in which plaintiff was injured, it could not be CT Page 10980 subjected to the provisions of General Statutes 14-295.
The plaintiff thereafter filed a second amended complaint dated April 23, 1990 containing essentially the same allegations as the first amended complaint, but adding the allegation that the policies issued by Aetna to the plaintiff and the decedent state: "we [Aetna] will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: (1) sustained by a covered person; and (2) caused by an accident." The prayer for relief again claims double or treble damages pursuant to General Statutes 14-295.
The defendant again moves to strike the claim for double or treble damages, on the following grounds: (1) that 14-295
cannot be applied retroactively; (ii) that the statute cannot be applied to Aetna, since Aetna is not a party who recklessly operated a motor vehicle in violation of the enumerated sections; and (in) that the explicit language of the uninsured motorist provision does not contemplate double or treble damages, and assessing such damages against a party such as Aetna would be against public policy. Both parties have submitted memoranda of law in accordance with Conn. Practice Bk. 155, as amended.
A motion to strike tests the legal sufficiency of a pleading and any prayer for relief therein, Practice Book 152, and admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
The question whether General Statutes 14-295 may be applied retroactively has been addressed several times before and such a request has not been stricken. This issue awaits a definitive ruling from an Appellate Court, and thus, only the second and third grounds of the motion to strike will be addressed. The second ground, viz, that Aetna was not driving the car and therefore that the double/treble damages statute is not applicable to it was addressed previously by Judge Cioffi and I concur with his decision.
Regarding the third ground, the defendant argues that the language of the policy that Aetna "will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: (1) sustained by a covered person; and (2) caused by an accident" limits recovery to compensatory damages, and does not provide for punitive damages. Further, Aetna argues that because 14-295 is punitive in nature, to allow an insured to shift the responsibility for punitive damages to an insurer from the actual tortfeasor pursuant to an uninsured motorist provision, would thwart the public interests in attaining punishment and CT Page 10981 deterrence.
General Statute 14-295 provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of Sections 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
The motion by defendant to strike is granted on the ground that plaintiff has not alleged that another party has deliberately or with reckless disregard operated a motor vehicle in violation of certain statutory provisions, and therefore has failed to state a claim for double or treble damages under General Statutes 14-295.
WILLIAM B. LEWIS, JUDGE