[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#113)
The plaintiff, James E. Meyer, brought the present action against the defendant, Torrington Savings Bank, claiming the failure of the defendant to process his claims for disability insurance. The plaintiff's second amended complaint alleges the following. In 1974, the plaintiff and his wife executed a mortgage note and deed in favor of the defendant. As part of this mortgage commitment, the defendant offered the plaintiff life and disability insurance, which the plaintiff purchased. In 1983 the plaintiff and his wife refinanced their mortgage, signed a new note and mortgage deed, and requested life and disability insurance. The plaintiff states that he requested disability insurance because he had a total hip replacement in 1981 and utilized the disability insurance to pay his mortgage. The plaintiff further states that he received a mortgage payment receipt book which indicated that his monthly payment included disability insurance. The plaintiff relied on the charge for disability insurance, and sought no other insurance. In 1989 the plaintiff became disabled and requested the defendant to utilize the disability insurance to pay his mortgage. The defendant, however, notified the plaintiff that he had no insurance coverage for disability and refused to make any payments to the plaintiffs' mortgage account.
The defendant moves to strike the complaint on the ground that the facts alleged fail to support a cause of action for an implied promise. Memoranda in support and in opposition to the motion to strike have been filed.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990).
Paragraph three of the plaintiff's second amended complaint states: "As part of said mortgage commitment, the defendant offered the plaintiff life and disability insurance, which the plaintiff purchased for protection in the event of disability and/or death."
This allegation is sufficient to state a cause of action for an express promise and the motion to strike is therefore denied.
PICKETT, J. CT Page 3093