[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, O G Industries, Inc., filed a complaint on January 11, 1991, alleging that the defendant Town of New Milford's failure to obtain a payment bond from Austin Driveway Services, Inc., resulted in damages to the plaintiff in the amount of $95,000.00. On February 22, 1991, the defendant filed an answer to the complaint, denying most of the allegations set forth therein.
On May 30, 1991, the defendant filed a motion to strike the plaintiff's cause of action and, pursuant to Practice Book 155, attached a memorandum in CT Page 8013 support thereof. On August 16, 1991, the plaintiff filed a motion in opposition to the motion to strike.
The defendant filed a motion to strike the plaintiff's cause of action on the ground that a municipality cannot be liable in negligence to a materialman or subcontractor for a breach of duty under General Statutes 49-41.
The plaintiff, in opposing the motion to strike, argues that General Statutes 49-41(a) imposes a mandatory ministerial duty upon the defendant, and that the failure to comply therewith gives rise to a cause of action against the municipality.
The motion to strike, Practice Book 151-158, tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Practice Book 112 specifically outlines the order in which pleadings are to be filed. The defendant's motion to strike the complaint must be filed prior to his answer to the complaint. When read in conjunction with 113 of the Practice Book, the failure to file the motion to strike prior to filing the answer to the complaint constitutes a waiver of the right to file the motion to strike. In the present case the plaintiff filed a complaint on January 11, 1991, which was responded to with an answer, filed by the defendant on February 22, 1991. On May 30, 1991, the defendant's motion to strike was filed. Consequently, in accordance with Practice Book 112 and 113, the defendant has waived its right to file a motion to strike the plaintiff's complaint.
Additionally, the defendant argues the merits of the case, which cannot be considered in a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Therefore, pursuant to Practice Book 112-113 and additionally, under the holding of Gordon, 208 Conn., supra, the defendant's motion to strike the plaintiff's cause of action is denied.
SUSCO, J.