[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE FILED BY FALVEY AND BURTON TO CROSS-COMPLAINT OF AVIS RENT A CAR SYSTEM, INC.
The plaintiff brought this action to recover damages alleged to have occurred to its insured's automobile as subrogee. The claim arises from a chain reaction accident which involved four automobiles. The plaintiff has brought the action against the operators and owners of the three automobiles which was alleged to have been following its insured's car. Avis Rent A Car System, Inc. (Avis), owner of the third car in line of the accident, cross-complained against the defendants, Falvey and Burton, the owner and operator of the second car in line alleging negligence in its operation. Falvay and Burton deny their alleged negligence and specially plead the negligence of the operator of the automobile of Avis. It is this special defense to which the motion to strike is addressed on the ground that a defendant may not impute the negligence of the operator to the owner.
The motion to strike tests the legal sufficiency of a pleading and if facts provable under the allegations would support a defense or cause of action, it must fail. Ferryman v. Groton, 212 Conn. 138, 142.
G.S. 14-154a makes the owner of any motor vehicle rented or leased liable for any damage caused by its operation to the same extent as the operator would have been if he had been the owner. The owner-lessor is viewed as the alter ego of the rental car's operator. Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, CT Page 8716 285. Also significant, G.S. 52-572h(n) specifically removes application of imputed contributory and comparative negligence under the family car doctrine but no where within that whole statutory section makes a similar provision for an owner-lessor under G.S. 14-154a. Clearly an alter ego should be subject to the same defenses as the operator when no statutory provision removes the application of such defense.
For the above reasons the motion to strike is denied.
CORRIGAN, J.