[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Atlantic Waste Paper Company, Inc., Atlantic Leasing Company, and David Chalvisan allege that they are defendants in a separate and pending wrongful death action brought against them by Daniel Ray Freeland, II. The wrongful death claim arose out of a multi-car motor vehicle accident on October 3, 1989. The plaintiffs in the wrongful death action did not sue the present defendants, Lobo Company, Jeffrey W. Jarvis (the operator of a tractor-trailer owned by Lobo Company), D. J. Newton Trucking, Inc., and Andre Dixon (an employee of D. J. Newton Trucking, Inc.).
The plaintiffs in the present action did not, as defendants in the separate wrongful death action, seek to implead or cite in as additional parties the instant defendants pursuant to General Statute 52-102. Instead, they are attempting to now bring a separate and independent action against these defendants based on this same statute. The complaint alleges that the CT Page 1896 defendants "may be liable for all or part of the plaintiff's alleged claims in accordance with [General Statutes] 52-102. . .", and plaintiffs seek damages pursuant to that statute. Plaintiffs do not allege that they sustained any personal injury from the alleged actions or negligence of defendants.
D. J. Newton Trucking, Inc. and Andre Dixon filed a motion to strike, as did Lobo Company and Jeffrey Jarvis, since the allegations in plaintiff's complaint as to D. J. Newton Trucking, Inc. and Andre Dixon are identical to those directed against Lobo Company and Jeffrey Jarvis.
A motion to strike pursuant to Practice Book 152 tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The complaint alleges that the defendants "may be liable for all or part of" the damages consequent to the separate wrongful death action. Thus plaintiff's complaint essentially seeks contribution from a putative co-defendant.
"An action for contribution shall be brought within two years after the party seeking contribution has made final payment in excess of his proportionate share of the claim." General Statutes 52-572h(2). "[T]he right of contribution does not exist in the original lawsuit. . ." Rondeau v. Ritenour,1 Conn. L. Rptr. 413, 414 (March 28, 1990.) "A lawsuit after a defendant has actually paid any excess allocated to him is the mechanism for exercising the right of contribution." Id., 414. Defendants' motions to strike the complaint are granted.
So Ordered
Dated at Bridgeport, Connecticut this 26th day of February, 1992
WILLIAM B. LEWIS, JUDGE