[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#120)
The plaintiff, Gerald deG. Cowan II, Executor of the Estate of Lillian Cowan, late of Washington, Connecticut seeks to recover damages against the defendant, Busch Entertainment Corporation, a foreign corporation wholly owned by Anheuser-Busch Companies, Inc. Lillian Cowan (the decedent) was a resident of Washington, Connecticut. In February of 1990, she travelled to Florida for vacation and, while there, visited Busch Gardens, an entertainment facility owned and operated by Busch. While at Busch Gardens, the decedent fell and died as a result of an unfortunate accident.
Busch has alleged three special defenses to plaintiff's claims, the applicability of the substantive law of the State of Florida, and specifically 768.16, Florida's Wrongful Death Act. The plaintiff has filed a motion to strike each of Busch's special defenses which allege the applicability of the Florida law to this case.
The special defenses at issue are as follows:
SECOND SPECIAL DEFENSE. The plaintiff's claims for transportation, burial, and funeral expenses (paragraph 37) are governed and controlled by Florida law, Fla. Stat. Section 768.21(6)(b), which the defendant intends to rely upon and hereby gives notice of pursuant to Section 109A of the Connecticut Practice Book.
THIRD SPECIAL DEFENSE. The plaintiff's claims for decedent's permanent deprivation of the ability to accumulate income (paragraph 38) are governed and controlled by Florida law, Fla. Stat. Section 768.21(6)(a) which the defendant intends to rely upon and hereby gives notice of pursuant to Section 109A of the Connecticut Practice Book.
FOURTH SPECIAL DEFENSE. The plaintiff's claims for permanent deprivation of enjoyment of decedent's retirement (paragraph 38) and permanent destruction of decedent's ability to carry out life's activities (paragraph 39) do not set forth a claim for which relief can be granted under Florida law, Fla. Stat. Section 768.16 et seq., which law applies to this action and which the defendant intends to rely upon and hereby gives notice of pursuant to Section 109A of the Connecticut Practice Book. CT Page 1845
The plaintiff maintains the substantive law of the State of Connecticut, and specifically, its Wrongful Death Act, applies to this action. The plaintiff therefore claims to be entitled pursuant to C.G.S.52-555 to recover just damages; that is, compensation for the destruction and the capacity to carry on and enjoy life's activities in a way plaintiff's decedent would have done so had she lived. In contrast, the defendant claims that the substantive law of the State of Florida, and specifically, its Wrongful Death Act applies to this action. Review of the statutes on which the defendant relies will indicate that if this court accepts the defendant's position on the choice of law issue, then even if clear liability is established at trial, pursuant to Fla. Stat. Section768.16 et seq. the plaintiff's recovery will be limited exclusively to recovery of funeral expenses.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court is required to construe the facts in the complaint most favorably to the pleader when considering a motion to strike. Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988).
For the purpose of the present motion, the court need not and does not reach the issue briefed by the parties. The defendant concedes that whichever law is applied on the question of damages, the plaintiff has a valid cause of action and will be entitled to damages if liability is established. On page 17 of its brief of October 7, 1992, Busch states:
 Although it would appear that the Florida Wrongful Death Act would not permit recovery of compensation for the destruction of the capacity to carry on and enjoy life, the Act does permit recovery for lost net accumulation of the estate. The Connecticut and Florida acts thus differ particularly as to the type or calculation of damages that might be recovered by the estate. Both states recognize as recoverable damages losses suffered by a decedent's estate.
A special defense must be pleaded when "facts which are consistent with . . . statements but show, notwithstanding, that he has no cause of action, must be specially alleged." The defenses filed in this case do not defeat the cause of action but rather limit damages. The determination of what law to apply is a matter for the trial court to determine — not this court on a motion to strike where it is conceded that a valid cause of action exists.
In view of the fact that the second, third and fourth defenses are CT Page 1846 not defenses to the cause of action, the motion to strike is granted. The proper procedure for the defendant is to file a notice of claim of law pursuant to Practice Book Sec. 109A(b).
PICKETT, J.