[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #173
On April 18, 1991, the plaintiff, Kevin Holland ["Holland"], instituted an action against the defendants, East CT Page 6227-t Coast Tile Marble Company ["East Coast"], Oly Mattera, Felice Mattera and the City of Norwalk ["Norwalk"]. On May 2, 1991, United Parcel Service ["UPS"], the plaintiff's employer, filed a motion to intervene which was granted by the court, Ford, J., on May 28, 1991. On July 16, 1991, UPS, as intervening plaintiff, filed a three-count complaint against the defendants for reimbursement of workers' compensation benefits pursuant to General Statutes 31-293(a).
On July 25, 1991, the defendant, Norwalk, filed an answer to the intervening complaint. Subsequently, Norwalk filed a counterclaim against UPS, the intervening plaintiff, on November 23, 1992. On January 6, 1993, the defendant filed a revised counterclaim seeking contribution and apportionment.
On March 22, 1993, the intervening plaintiff filed a motion to strike the revised counterclaim on the grounds that (1) any claim for contribution is premature, and (2) a defendant may not counterclaim against an intervening plaintiff-employer based upon the employer's own negligence. The intervening plaintiff also filed a memorandum of law in support of its motion to strike. CT Page 6227-u On May 3, 1993, the defendant filed a memorandum of law in opposition to the motion to strike.
It should first be noted that the defendant's counterclaim is not properly before the court. The defendant filed its answer on July 25, 1991. Thereafter, on November 23, 1992, the defendant filed a counterclaim. The defendant never filed an amended answer incorporating the counterclaim.
Practice Book 168 provides, in relevant part, that "[i]n any case in which the defendant has either in law or in equity or in both filed a counterclaim . . . against the plaintiff's demand, he may have the benefit of such . . . counterclaim by pleading the same as such in his answer. . . ." (Emphasis added.) Practice Book 168. Because the counterclaim was not pleaded as such in the answer, the counterclaim is not properly before the court, and the motion to strike is moot.
In addition, even if the motion to strike were not moot, the counterclaim as presently constituted is inappropriate because the defendant cannot recover against the intervening CT Page 6227-v plaintiff in negligence based upon the exclusivity provisions of the Workers Compensation Act Conn. Gen. Stats. 31-284a. See Ferryman v. Groton., 212 Conn. 138.
LEHENY, J.