[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#115)
This is the motion of the third party defendant, Supermarket General Corporation (Supermarket), to strike the defendant-third party plaintiff, Specialty Mat Corporation's (Specialty), amended complaint (Motion #115). The plaintiff, Ariola, an employee of Supermarket, claims to have been injured when she slipped and fell on a mat owned by the defendant, Specialty, which was located on the premises owned by Supermarket, her employer. The defendant, Specialty, brought this third party action against Supermarket, alleging in its amended complaint (paragraph 3) that there existed an oral agreement between the said third party plaintiff and third party defendant which required Supermarket to "maintain the floors of the premises as well as the floor mats." CT Page 3739
Supermarket claims it is immune from any claim of Specialty because of the exclusive remedy provisions of the Workers' Compensation Act, C.G.S. 31-284 (a). However, "General Statutes31-284 does not necessarily furnish the exclusive remedy against employers in the context of negligence actions, and . . . indemnification is possible under appropriate circumstances . . . ." Ferryman v. Groton, 212 Conn. 138, 146 (1989).
The motion to strike, like its predecessor, the demurrer, admits all facts well pleaded. Id. at 142. Because the third party plaintiff, Specialty, alleges there was an oral agreement in existence that obligated the third party defendant, Supermarket, to maintain the floors and the mats in the area where the plaintiff fell, the court must assume, for the purposes of this motion, that there was, in fact, such an agreement. Based on these allegations, the court can find a basis for an implied promise of indemnity, and therefore, "recovery in the form of indemnity may be allowed." Id. at 145. This allegation of a contractual relation gives rise to an independent relationship between Supermarket and Specialty which, under Ferryman, precludes the operation of the exclusive remedy provisions of C.G.S. 31-284 (a).
The court will, therefore, deny the third party defendant, Supermarket General Corporation's, motion to strike the third party amended complaint.
/s/ Pellegrino, J.