[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The defendants have moved to strike paragraph 11(a) of each of the two counts of the plaintiffs' motor vehicle negligence complaint. That paragraph alleges that the named defendant "was operating his vehicle while under the influence of liquor or drugs in violation of Section 14-227a of the Connecticut General Statutes". The defendants claim that because no blood alcohol content tests were administrated to the named defendant, this portion of the complaint fails to state a claim upon which relief may be granted as a matter of law.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
Although subsection (a)(2) of General Statutes § 14-227a
permits a conviction for operating a motor vehicle while under the influence based on the results of chemical tests, a conviction may also be had under subsection (a)(1) of that statute on the basis of behavioral and circumstantial evidence alone. Thus, even assuming that, as the defendants claim, no chemical tests were administered, the challenged paragraph nonetheless sets forth a claim upon which relief may be granted.
The motion to strike is therefore denied.
Jonathan E. Silbert, Judge.