[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE COUNTS ONE AND THREEOF THE PLAINTIFF'S COMPLAINT
On November 14, 1995, the plaintiff caused to be served upon the defendant a notice to quit setting forth the following reasons: "(1) Termination of your lease (A) by lapse of time on November 30, 1995; (B) nonpayment of rent within the grace period provided for residential property in C.G.S. § 47a-15a or 21-83; or (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated."
When the defendant failed to quit the premises, the plaintiff caused to have served upon him a three-count complaint dated December 7, 1995. In the first count of that complaint, the plaintiff recites that prior to October 10, 1995, the plaintiff and defendant were joint owners of the subject property; that on October 10, 1995, in connection with the dissolution of the parties' marriage, the property was transferred to the plaintiff pursuant to a judgment of the Superior Court in Czentnar v.CT Page 2625Czentnar, in the Superior Court for the Judicial District of Hartford/New Britain at New Britain. From and after October 10, 1995, the plaintiff has been the sole owner of the subject property, and the defendant has remained in possession of said property. This count further alleges that "the right of the defendant, Joseph Czentnar, to have possession of the premises terminated as a result of the October 10, 1995 court order" and it further alleges the service of the previously mentioned notice to quit upon him. Finally, this count alleges that the defendant remains in possession of the subject premises despite the notice to quit.
In the third count, the plaintiff alleges that on or about November 1, 1995, she leased the subject premises to the defendant for the term of one month, that the defendant was in possession on that date and has remained in possession ever since; that he "has failed to pay rent due for term commencing November 1, 1995" and that despite the service of the aforementioned notice to quit, the defendant remains in possession.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
The defendant alleges that none of the reasons enumerated in the notice to quit are pleaded in the first count of the complaint. Although it is true that the precise wording of the notice to quit is not incorporated into this count, however, the defendant has not been able to point the court toward any statute or caselaw that requires that the wording of the notice to quit be recited verbatim in the complaint.
The notice to quit states, inter alia, that one of the reasons for it was the claim that the defendant "originally had CT Page 2626 the right or privilege to occupy such premises but that such right or privilege has terminated." The first count, while not using those precise words, makes clear that the parties were joint owners of the property prior to October 10, 1995, and that his ownership (and, by implication, all the rights attendant to such ownership) terminated with the court's order in the dissolution of marriage case on October 10, 1995. It appears to be the gravamen of the defendant's claim that although it is alleged that the defendant was an owner prior to October 10, it was not alleged that he was in possession, and, therefore, that the plaintiff has not effectively alleged that the defendant had the right or privilege to occupy the premises prior to October 10, 1995. The complaint does, however, allege that the defendant was in possession of the property on October 10, 1995 and thereafter, and as an alternative ground for the notice to quit, the plaintiff had alleged that the defendant "never had a right or privilege to occupy such premises". Although this count could have been phrased with greater care, construing it in the light most favorable to the pleader, it sets forth a claim upon which relief can be granted, either based on the allegation that the defendant had, but no longer has, a right or privilege to occupy the premises, on the one hand, or, on the other, that he never had such a right or privilege. If the combining of these issues in a single count had presented a problem for the defendant, he could have filed a request to revise, but he has failed to do so.[1]
As to the third count, which sounds in nonpayment of rent, the defendant argues that although the plaintiff has alleged the existence of a lease, he has not specifically alleged that rent was due under the lease and that, in the absence of such an allegation, he cannot make a claim for a judgment of possession based on nonpayment of rent.
Although the summary process statutes are to be strictly construed, the construction urged upon the court by the defendant is far too strict. Paragraph three of the third count alleges that rent was due for the term commencing November 1, 1995. The defendant has pointed the court to no cases which require separate allegations, first, that the lease provided for the payment of rent, and, second, that the defendant failed to pay the rent. Again, viewing the pleading in the light most favorable to the pleader, the third count alleges a lease upon which rent was due but not paid. It therefore states a claim upon which relief may be granted. CT Page 2627
For all of the above reasons, the defendant's motion to strike is denied.
Jonathan E. Silbert, Judge