[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 16, 1997
This action arises out of an injury allegedly sustained by the plaintiff when a podium, which he was using while giving a speech at the defendant University, collapsed on his hand. The third count of the complaint, as to American Medical Response of Connecticut, Inc., alleges negligence on that defendant's part in its failure to secure the tip of the plaintiff's left third finger, which was severed as a result of the incident, and to transport it properly to Yale New Haven Hospital. American Medical Response has now moved to strike the third count based on General Statutes § 52-557b, also known as the "Good Samaritan Law," which provides emergency medical care providers with immunity from negligence claims which arise from the rendering of certain kinds of emergency medical services.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
General Statutes § 52-557b provides, in pertinent part, that:
. . . ambulance personnel . . . who renders emergency CT Page 5023 first aid to a person in need thereof, shall not be liable to such person assisted for civil damages for any personal injuries which result from acts or omissions by such person in rendering the emergency first aid, which may constitute ordinary negligence.
Based on this language, the defendant contends it is immune from suit grounded in a claim of ordinary negligence and that the third count should therefore be stricken.
The problem with the defendant's contention is that the statute in question does not provide emergency service providers with blanket immunity from liability for any act of ordinary negligence, but only from liability resulting from acts or omissions in rendering "emergency first aid." It is plain from the wording of the third count that the plaintiff has not challenged the emergency first aid rendered to him but rather has alleged negligence in the failure of the defendant to secure the already severed fingertip and to transport that damaged digit to the hospital along with its former owner, so that further medical procedures might be undertaken. "First aid" is defined in Webster's Ninth New Collegiate Dictionary (1987) as "emergency care or medical treatment given to an ill or injured person before regular medical treatment can be obtained." Construing the third count in the light most favorable to the plaintiff, as the court must, the complaint alleges a claim for negligence based not on the rendering or failure to render emergency first aid to the plaintiff, but rather on some other aspect of the defendant's performance.
The motion to strike is therefore denied.
SILBERT, J.