[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
CT Page 12147
The minor plaintiff, through her next friend, has sued the defendant City for damages arising out of an incident wherein it is alleged that she was injured while on school property due to the negligence of an unnamed, unidentified teacher. The City has now moved to strike the complaint, contending, first, that because it is the Board of Education, rather than the City, that is the allegedly negligent teacher's employer, the City owed no duty to the plaintiff and may not be found liable as a matter of law, and, second, that the City is governmentally immune from liability arising from the performance of discretionary acts such as the conduct attributed to the unnamed teacher in this case.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of me allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Any possible liability on the City's part in this case would be only to indemnify an employee for such employee's negligence in accordance with General Statutes Sec. 7-465. Because the plaintiff has neither named the teacher as a defendant nor claimed liability on the part of the City pursuant to General Statutes Sec. 7-465, she has failed to state a claim upon which relief may be granted as a matter of law. See the discussion inNowinski v. Town of Greenwich, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV 90-011420 S (March 16, 1994) (Lewis, J.).
The motion to strike is therefore granted.
Jonathan E. Silbert, Judge CT Page 12148