EUGENE K. FERRYMAN, ADMINISTRATOR (ESTATE OF MICHAEL FERRYMAN) *v.* CITY OF GROTON
(13558)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued April 6—decision released July 18, 1989

*Ronald J. Cohen,* for the appellant (defendant-third party plaintiff city of Groton).

*Thomas F. Maxwell, Jr.,* with whom were *Charles H. Gifford* and, on the brief, *Timothy G. Atwood,* for the appellees (third party defendant General Dynamics Corporation et al.).

COVELLO, J. This is a negligence action seeking to recover damages for the wrongful death of the plaintiff's decedent. The dispositive issue is whether an employee-employer relationship between a plaintiff and a third party defendant bars a claim for indemnity brought by the original defendant against the third party defendant. Because there are allegations of an independent relationship between the defendant and the third party defendant/employer, we conclude that the employee-employer relationship between the plaintiff's decedent and the third party defendant/employer does not bar the third party action.

On July 9, 1986, the plaintiff, Eugene K. Ferryman, as administrator, commenced this action seeking damages from the defendant, the city of Groton, for the death of Michael J. Ferryman. The complaint alleged that Groton was the owner of an electrical substation within the city limits. On July 3, 1985, the plaintiff's decedent entered the substation area to cut grass and

remove weeds. While there he came in contact with a high voltage line and was instantaneously electrocuted. The complaint further alleged that all of this occurred by reason of Groton's negligence in the maintenance and operation of the substation.

On November 9, 1987, Groton filed a motion to implead, as third party defendants, the Electric Boat Division of General Dynamics Corporation (Electric Boat), an alleged co-owner of the substation, and Charlie R. Franklin, an Electric Boat employee.[1] The trial court, *Tamborra, J.,* granted the motion.

Groton's third party complaint alleged that "[t]he electrical substation was owned, operated, maintained and controlled by Electric Boat" and that Groton "owned only the transformers and the metering equipment at the electrical substation." The complaint further alleged that "Electric Boat controlled access to the electrical substation" and that Franklin, "an employee and agent of Electric Boat, unlocked the gate surrounding the electric substation, making it possible for Ferryman to enter the area of the substation." Further, the complaint alleged that if Ferryman's death was caused by anyone's negligence, it was the negligence of Electric Boat and Franklin. Finally, the complaint alleged that both Electric Boat and Franklin "had control of the situation to the exclusion of the City of Groton, and the City of Groton did not know of Electric Boat's or Franklin's negligence, had no reason to

---

[1] Practice Book § 117 provides in part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Such a motion may be filed at any time before trial and such permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice upon the plaintiff or the party sought to be impleaded." See also General Statutes § 52-102a.

anticipate it and could reasonably rely on them to act otherwise." The complaint claimed indemnification.

On December 28, 1987, Electric Boat and Franklin filed a motion to strike the third party complaint in its entirety contending that the "exclusive remedy" provisions of the Workers' Compensation Act found in General Statutes § 31-284 (a) barred the prosecution of the third party complaint against Electric Boat, Ferryman's employer. This statute provides in part: "All rights and claims between employer and . . . representatives . . . of such employees, arising out of . . . death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter . . . ." The trial court, *Hurley, J.,* granted the motion, rejecting Groton's argument that the third party complaint alleged an independent legal relationship between Groton and Electric Boat, thus entitling Groton to indemnification. Groton declined to plead over,[2] and the trial court thereafter rendered judgment on the stricken complaint in favor of both third party defendants. Groton filed a timely notice of a reservation of its right to appeal.[3]

---

[2] Practice Book § 157 provides in part: "[I]n those instances where an entire complaint . . . has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within [a] fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint . . . ."

[3] Practice Book § 4002 (a) provides in part: "A judgment disposing of certain of the issues between the parties or of part or all of the issues between some of them in such a manner as to be final but not terminating the litigation . . . may be treated as a final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of . . . as to other parties; but the party . . . may, at their option, reserve their appeal until the final judgment is rendered which disposes of the cause for all purposes and as respects all parties; provided, in such a case, that notice of such reserving of appeal shall be filed in the trial court . . . within twenty days after issuance of notice of the rendition of the judgment disposing of part of the issues."

On November 1, 1988, the plaintiff and Groton filed a stipulated judgment for the plaintiff to recover $450,000 in the underlying action. Groton thereafter appealed to the Appellate Court the earlier judgment that followed the granting of the motion to strike. We then transferred the matter to ourselves pursuant to Practice Book § 4023.

"The motion to strike, Practice Book, 1978, § 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. Practice Book, 1978, § 152; cf. *McAnerney* v. *McAnerney,* 165 Conn. 277, 282, 334 A.2d 437 (1973). The motion to strike, like the demurrer, admits all facts well pleaded. Cf. *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198 (1965); *Weaver* v. *Ives,* 152 Conn. 586, 589, 210 A.2d 661 (1965). 'The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; *Benson* v. *Housing Authority,* 145 Conn. 196, 199, 140 A.2d 320 [1958]; and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail. *Cyr* v. *Brookfield,* [supra].' *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 550–51, 324 A.2d 919 (1973)." *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

"Ordinarily there is no right of indemnity or contribution between joint tort-feasors." *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965). "Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to

the injury." *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 543, 52 A.2d 862 (1947). "Under the circumstances described, we have distinguished between 'active or primary negligence,' and 'passive or secondary negligence.' *Kaplan* v. *Merberg Wrecking Corporation,* supra, 415." *Kyrtatas* v. *Stop & Shop, Inc.,* 205 Conn. 694, 698, 535 A.2d 357 (1988). We have permitted recovery even absent a finding of an express or implied agreement as between the two tortfeasors to exercise reasonable care. *Kaplan* v. *Merberg Wrecking Corporation,* supra, 411. The third party complaint here was carefully drawn so as to allege circumstances that would give rise to an application of the *Kaplan* doctrine.

Electric Boat and Franklin argue, however, that the original complaint alleges that Ferryman was an employee of Electric Boat, and that the exclusive remedy provisions of the workers' compensation statute, i.e., General Statutes § 31-284 (a), insulate them from the indemnification claim. Electric Boat claims that its liability arising from the death of its employee is limited to that imposed by the Workers' Compensation Act and that if recovery is permitted in this case, it could be paying more than the act requires.

While we have never considered this precise legal issue, we have considered a similar factual circumstance. In *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, 107 A.2d 406 (1954), an employee was injured while riding as a passenger in a truck leased to her employer. The employee's injuries were caused by the operator of the truck, a fellow employee. The employee obtained judgment against the owner/lessor of the truck pursuant to a statute that made the lessor of a motor vehicle liable for injuries caused by the operation of the vehicle

while leased, just as if the owner had been the operator of the vehicle.[4] Id., 542.

The insurance carrier for the owner of the truck brought suit as subrogee of its insured against the employer/lessee of the truck. We allowed recovery by the insurance carrier against the employer reasoning that the employer's liability to the owner of the truck was "predicated upon the leasing of the truck [and was] not based upon any duty that the [employer] owed to [its employee] but upon an entirely independent and separate duty owed to [the lessor]." Id., 554.

Having found an independent, legal duty owed by the employer/lessee to the owner/lessor, not simply an active/passive negligence relationship which we now conclude would be inadequate, we permitted recovery even though the party originally injured was an employee of the employer/lessee. This view comports with the position taken by the majority of other jurisdictions that have considered this issue. See 2A A. Larson, Workmen's Compensation Law § 76.

"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification[5]] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a

---

[4] General Statutes (1949 Rev.) § 2479 then provided: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." See General Statutes § 14-154a.

[5] See *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 194, 554 A.2d 287 (1989).

basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a 'primary' wrongdoer impliedly promises to indemnify a 'secondary' wrong-doer, the great majority of jurisdictions disallow this claim." 2A A. Larson, supra, § 76.

Thus, Electric Boat and Franklin argue that in the present instance, allegations that are based solely upon the "active or primary negligence" versus the "passive or secondary negligence" principles of *Kaplan* v. *Merberg Wrecking Corporation,* supra, 415, are simply inadequate to establish the independent relationship that would obviate the operation of the exclusive remedy doctrine in Electric Boat's favor. While we agree with this proposition, it is inapplicable in the present case as we conclude that there are sufficient other allegations in the third party complaint that may establish the required independent relationship between Electric Boat and Groton.

The third party complaint alleges that "[t]he electrical substation was owned, operated, maintained and controlled by Electric Boat. The City of Groton owned only the transformers and the metering equipment at the electrical substation." It further alleges that "Electric Boat controlled access to the electrical substation." Finally, it alleges that Franklin, "an employee and agent of Electric Boat, unlocked the gate surrounding the electric substation, making it possible for Ferryman to enter the area of the substation." Thus, we see

allegations by an owner whose property,[6] while in the possession of another, is alleged to have caused the death of a third person whose access to the property has been furnished by the agent of the party in possession. When viewed in the light most favorable to the pleader, as required in addressing a motion to strike; *Benson* v. *Housing Authority,* supra; the complaint discloses the essentials of either a co-owner relationship, a bailor-bailee relationship or a lessor-lessee relationship, any one of which could contain the express or implied independent, legal duty that would serve to preclude the operation of the exclusive remedy provisions of § 31-284. " 'What is necessarily implied need not be expressly alleged.' *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 193, 128 A.2d 540 (1956) . . . . " *Trichilo* v. *Trichilo,* 190 Conn. 774, 779, 462 A.2d 1048 (1983).

Since the allegations of the third party complaint were facially sufficient to establish an independent relationship between Groton and Electric Boat and Franklin, a relationship that goes beyond the active/passive negligence relationship found in *Kaplan* v. *Merberg Wrecking Corporation,* supra, we conclude that the trial court erred in striking the third party complaint.

Our conclusion that General Statutes § 31-284 does not necessarily furnish the exclusive remedy against employers in the context of negligence actions, and that indemnification is possible under appropriate circumstances, is supported by the fact that the legislature has chosen not to permit indemnification in the related field of product liability. General Statutes § 52-572r (d) provides: "In any product liability claim for personal injury or death arising out of and in the course of employment . . . brought against any third party,

---

[6] In view of the allegation concerning the property being a transformer, the law concerning fixtures may implicate the actual ownership of this item.

*such third party may not maintain any action for indemnity against any person immune from liability."* (Emphasis added.) Had the legislature intended to provide the same protection to employers in the negligence context, it could have done so expressly and with equal precision and clarity.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.