[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 4, 1991, the maternal plaintiff (hereafter "Kyle Ann") individually and as parent and next friend of her minor son, Marc Henry Donnelly, and her husband (hereafter "Roger") filed an amended four count complaint against the defendants, Candlewood Obstetric-Gynecological Associates, P.C. and Drs. Gerald Foye, Kevin Mitchell, and Jose F. Henriquez. They allege that Kyle Ann sought obstetrical testing from the defendants during her pregnancy resulting from the earlier delivery of a child with birth defects. After performing several tests, the defendants are alleged to have informed her that although the fetus' liver was not in the correct position, she would otherwise give birth to a normal child. The plaintiffs also assert that as a result of this representation, Kyle Ann carried the baby to term, and that this child was subsequently born with multiple birth defects.
The defendants have moved to strike the first and fourth counts of the complaint which allege wrongful life and breach of contract, respectively, under the authority of Sec. 152 of the Practice Book. They argue in support of their motion that the first count is not grounded upon a legally cognizable in jury and that such a claim, if cognizable, is violative of public policy. The attack on the fourth count is supposedly sustained on the premise that Connecticut does not recognize a cause of action in breach of contract for alleged medical malpractice.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton,212 Conn. 138, 142; Practice Book, Sec. 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. [Citation omitted.] The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170. King v. Board of Education, 195 Conn. 90,93; Amodio v. Cunningham, 182 Conn. 80, 82-83.
The defendants, to reiterate, allege that a cause of action for wrongful life is not based upon a legally cognizable in jury. "[W]rongful life denotes a cause of CT Page 5215 action brought by the infant itself on allegations that its very existence is wrongful and that `but for' the defendant's misfeasance it would not exist." 62A Am.Jur.2d, Prenatal Injuries, Sec. 90. To date, no Appellate Court in this state has considered the issue of a claim for wrongful life. However, this court is well aware that the courts of three other states currently recognize a specific cause of action for wrongful life.[1] The majority of courts to consider the issue have refused to recognize such a claim.[2] The common theme of the decisions that refuse such recognition to this cause of action concur in the inherent inability of the courts to resolve the ultimate question presented, i.e., whether the injury complained of, birth, is any injury at all.
Whether it is better never to have been born at all than to have been born with even gross deficiencies is a mystery more properly to be left to the philosophers and the theologians. Surely, the law can assert no competence to resolve the issue, particularly in view of the very nearly uniform high value which the law and mankind have placed on human life, rather than its absence. Not only is there to be found no predicate at common law or in statutory enactment for judicial recognition of the birth of a defective child as an injury to the child, but the implications of any such proposition are staggering.
A court presented with a wrongful life claim must also confront the elusive issue of ascertaining some measure of damages. "[A] cause of action brought on behalf of an infant seeking recovery for wrongful life demands a calculation of damages dependent upon a comparison between the Hobson's choice of life in an impaired state and nonexistence. This comparison the law is not equipped to make." Becker v. Schwartz, 386 N.E.2d 807, 812. As a result of the philosophical problems inherent in a cause of action for wrongful life not being amenable to resolution in a court of law, this court declines to recognize such an action.
The defendants allege that the fourth count of the complaint should be stricken as well on the ground that breach of contract claims may not be included in actions predicated on medical malpractice. In order for a physician to be held liable for a breach of a contract with a patient, the physician must have made specific promises about the treatment or the result. Barnes v. Schlein, 192 Conn. 732,735-36; Bria v. St. Joseph's Hospital, 153 Conn. 626, 631.
The plaintiffs respond that such promises can be found in their allegations that the defendants "agreed to take all CT Page 5216 proper and necessary steps to ascertain whether the fetus would have any heart and/or other anatomical problems," and that they "represented that they would use routine ultrasonography procedures to make such a diagnosis . . . when in fact they knew or should have known that more sophisticated diagnostic testing methods were indicated." This court cannot and will not find that these allegations can be construed as promises of specific treatment or results made by the defendants and, in fact, sound solely in negligence. The plaintiffs simply have not properly stated a cause of action for breach of contract against the defendant physicians.
The defendants' motion to strike the first and fourth counts of the complaint is, accordingly, granted as to both counts.
MORAGHAN, JUDGE
END NOTES