[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 123)
The plaintiffs, Kenneth Avanzino and Joseph Pierni, sued Frank Peluso and Anthony Rella in connection with business dealings wherein plaintiffs allege that they were fraudulently induced to invest in a condominium conversion project to their financial loss.
Count five asserts a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a, et seq. Counts seven and eight assert claims under the Connecticut Uniform Securities Act ("CUSA"), General Statutes36-470, et seq.
Defendant Peluso moves to strike count five on the ground that it contains allegations of securities fraud violations which may not be the basis for a CUTPA violation. Other grounds claimed in the motion were abandoned during oral argument.
The motion to strike tests the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 109,491 A.2d 368 (1985).
The defendant argues that because the allegations in count five, the CUTPA claim, are also used to support a CUSA CT Page 2681 claim in count seven the CUTPA claim must be stricken. The defendant cites Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172,180, 510 A.2d 972 (1986), in which the court held "that CUTPA does not apply to deceptive practices in the purchase and sale of securities." The plaintiffs argue that count five alleges a continuing fraudulent scheme that continued after any purchase and sale.
Russell, supra, involved an appeal of a jury verdict that held the defendants liable on both a CUSA and a CUTPA count, inter alia. The court held that the trial court improperly awarded damages under CUTPA. Id., 184.
The Connecticut Practice Book allows inconsistent pleadings. Hanover Ins. Co. v. Fireman's Fund Ins. Co.,217 Conn. 340, 346, 586 A.2d 567 (1991); Practice Book 94, 137. Russell, supra, bars recovery under both CUTPA and CUSA but does not prohibit pleading both. Alleging inconsistent claims at the pleading stage is permitted; therefore, the motion to strike is denied.
E. EUGENE SPEAR, JUDGE