[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
The motion to strike the First Special Defense is denied. The plaintiff claims that the defendant is a landlord for the purposes of the motion. The complaint, however, claims that the plaintiffs are the tenants of another person, who is defined as landlord in the lease. Such questions of fact cannot be determined by a motion to strike.
The motion to strike the Third Special Defense is denied. The court does not have before it the contract referred to. Interpretation of such contract requires a determination of fact, which cannot be determined by a motion to strike. Finley v. Aetna Casualty Surety Co.,202 Conn. 190, 199.
The motion to strike the Fourth Special Defense, preemption requires a determination of whether the federal law has preempted state law in this matter. Preemption by federal law is a legally recognized defense to obligations based upon state law which it is claimed has been preempted. As such, the claim sets forth a legally cognizable defense.
See Ferryman v. Groton, 212 Conn. 138, 142.
L. Paul Sullivan, J.