[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE.
I.
The instant case involves a foreclosure action brought by Stephen J. Barberino, St., Stephen J. Barberino, Jr. and J.D Arute (hereinafter collectively referred to as "B.B.A." or "the plaintiffs"), against the defendant Compounce Associates Limited Partnership (hereinafter, "CALP"), the maker of two notes to the Connecticut Bank and Trust Company, N.A. (hereinafter, "CBT"), one dated June 14, 1985, in the amount of $11,000,000.00 and the other dated May 27, 1988, in the sum of $2,350,000.00. Both notes were secured by a parcel of land located partly in the towns of Bristol and Southington, and more commonly known as Lake Compounce. The plaintiffs seek to foreclose on the May 27, 1988 mortgage.
This is not the normal foreclosure action. The plaintiffs are limited partners of CALP. They purchased the note which their partnership CALP had made to CBT and which they had personally guaranteed, from the FDIC, successor t CBT. They now seek to foreclose out the interests of CALP which is comprised of several limited partners. CALP has plead three special defenses, all equitable in nature: (1) violation of a fiduciary duty, (2) unclean hands and (3) estoppel. Essentially CALP argues that BBA has become a de facto general partner of CALP by attempting to control the partnership and in doing so, has violated the duty to deal fairly with the other partners. In addition, but as part of the same general claim CALP alleges that BBA utilized the information it had as a limited partner and interfered with CALP's attempts to operated CT Page 902 Lake Compounce for the 1992 season. This interference allegedly resulted in thwarting the attempts to open the park, compounding CALP's financial difficulties with the FDIC, which had agreed to forbear on enforcing the CBT loans. As a result of such actions, FDIC decided to sell the notes which were purchased by BBA. The counterclaim seeks damages and other relief as a result of BBA's actions. The plaintiffs now seek to strike the special defenses and the counterclaim.
 II.
Discussion
 A.
"The motion to strike is used to test the legal sufficiency of a pleading." Gerryman v. Groton, 212 Conn. 138,142, (1989). A motion to strike is the proper vehicle "to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief." Practice Book 152.
 B.
The plaintiffs argue that these equitable defenses are not proper and should be stricken as they do not fall within the traditional defenses to a foreclosure action: payment, discharge, release, satisfaction, usury, and fraud. See generally, Petterson v. Weinstock, 106 Conn. 433, 435 (1927). CALP the contrary maintaining that these defenses are proper as they are not only equitable in nature, Hamm v. Taylor, Conn. 491, 497 (1980) but, more importantly, they go to the enforcement of the mortgage — a recognized traditional defense.
This case is also complicated by other factors. First, the plaintiff appears not to be a holder in due course. See Rosa v. Colonial Bank, 207 Conn. 483, 491 (1988). Additionally, BBA's actions may be controlled, in part, by the partnership agreement which was filed with CALP's opposition to the motion to strike. CALP has argued that the provisions of that agreement limit the plaintiffs' ability to file this action Specifically CALP refers to Article II 2.1 (Capital Contribution) which states that satisfaction by a partner of its guarantee to an institutional creditor shall be deemed a CT Page 903 capital contribution to the partnership.
This court believes that the defenses and the counterclaim raised by the defendants are properly claimed in this action. The defendant claims that BBA through utilization of information acquired by virtue of its status as a partner prevented CALP from performing its obligations to the FDIC and causing it damage. Whether CALP can prove this is another matter. The Motion to Strike is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT