[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #129
On June 9, 1994, the third-party plaintiff, Lewis Services, Inc. Trustees, (Lewis), filed an amended third party complaint alleging in two counts that the third party defendant, St. Paul Fire and Marine Ins. Co. (St. Paul), committed a breach of contract and a violation of General Statutes § 42-110a et. seq. (CUTPA), by failing to reinstate an insurance policy. The underlying action for which Lewis seeks indemnification arises out of an automobile accident which occurred on Lewis' property on January 19, 1993.
On September 6, 1994, St. Paul moved to strike the second count of Lewis' amended third party complaint, on the ground that "an allegation of the Connecticut Unfair Insurance Practices Act (CUIPA) is a condition precedent to bringing a CUTPA action against an insurance company."
As required by Practice Book § 155, St. Paul filed a supporting memorandum of law, and Lewis has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-25,618 A.2d 25 (1992). "In ruling on a motion to strike, the court CT Page 10677 is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the [nonmovant]." Id. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
St. Paul argues that Lewis must allege a CUIPA violation in order to allege a CUTPA violation, because the misconduct arises in the insurance setting.
Lewis argues that a procedural agreement was made by which Lewis would agree to St. Paul's request for an extension of time, and the responsive pleading would be restricted to an answer or special defenses. Instead, St. Paul filed a motion to strike.
While the court would normally give effect to such agreements between parties in the interest of judicial economy, such effect would be of little value in this case. Because the court finds that Lewis has failed to state a legal cause of action in count two, the interest of judicial economy would not be served by allowing count two, the CUTPA count, to go forward. Where the alleged misconduct relates to the insurance industry, there may be no CUTPA violation in the absence of a CUIPA violation. See Mead v. Burns, 199 Conn. 651, 663-66, 509 A.2d 11
(1986). Accordingly, the third party defendant's motion to strike count two of the amended third party complaint is granted.
Jonathan E. Silbert, Judge