[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 9, 1997
The defendants, Gail Camarota and James B. Stone, have moved to strike counts 26 and 27 of the revised complaint in which the plaintiffs allege violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq.[1]
The basic allegations of the complaint are that the defendants, who are brother and sister, sold a single family home in East Haven to the plaintiff and that the premises were structurally unsound and infested with termites. The 38 counts of the revised complaint allege intentional reckless and negligent CT Page 6201 misrepresentation against Camarota and Stone as well as the realtors and the home inspection company and their employees. There are also counts regarding violation of statutory duties to disclose termite infestation and structural damage, violation of agency regulations, CUTPA, breach of contract, breach of implied warranty and negligence. The only counts that are the subject of the present motion to strike, as previously mentioned, are the CUTPA counts against the prior owners of the house.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The parties acknowledge a split among the judges of the superior court as to whether a single incident, and in particular a single sale of a residential dwelling may become the subject of a CUTPA claim. See, Jokl v. Watt, CV 95-0372000, judicial district of New Haven at New Haven, February 28, 1996 (Gray, J.). In this court's view the better approach to this problem is reflected in the statement that CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is part of that business."Mayer-Whitman Joint Ventures Inc., v. Gunther International Ltd.,9 CSCR 1212, 1213 (October 21, 1994, Lewis, J.). Thus, while we all continue to wait for definitive appellate guidance on this and related issues, this court concludes that the one-time sale of the residence in question, by its owners, who were not in the business of selling real estate, cannot be made the subject of the CUTPA counts asserted against them in the revised complaint. The motion to strike counts 26 and 27 of the revised complaint is therefore granted. CT Page 6202
Silbert, J.