[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant John Alden Condominium Association has filed a motion to strike challenging the plaintiffs' right to seek an injunction requiring into enforce condominium association rules against another unit owner who has allegedly violated those rules by subjecting the plaintiffs to verbal abuse and by using a scanner to listen to the plaintiffs' conversations over a cordless telephone.
The condominium association has moved to strike the eighth and ninth counts of the complaint. At oral argument, the plaintiffs conceded by counsel that the eighth count fails to state a cognizable claim. They claim, however, that the ninth count does state a claim for breach of an alleged fiduciary duty of a condominium association to enforce its rules for the benefit of unit owners.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39 (formerly § 152); R.K. Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384 (1994); Ferryman v. Groton, 212 Conn. 138, 142 (1989). In adjudicating a motion to strike, the court takes the facts to be those alleged in the pleading or provable under those allegations, which are to be construed in the manner most favorable to sustaining the legal sufficiency of the complaint.Bohan v. Last, 226 Conn. 670, 675 (1996); Waters v. Autuori,236 Conn. 820, 826 (1996); Sassone v. Lepore, 236 Conn. 773, 780
(1993).
Cause of Action Against Condominium Association
In their revised complaint, the plaintiffs have alleged that CT Page 4561 they live in a condominium development in Clinton and that an occupant of another unit has been verbally harassing them, making insulting remarks to them, and monitoring their telephone calls using a scanner.
The plaintiffs have sued that tenant and the owner of the unit she was occupying. In the ninth count of the revised complaint, the plaintiffs allege that the condominium association is the "enforcer of the rules of John Alden Condominiums." that the plaintiffs purchased their unit in reliance upon the enforcement of the association's rules and regulations, and that the association has failed to enforce its rules after the plaintiffs reported that defendant Diana Ackerson was harassing them.
The plaintiffs have alleged that Section 3.1 of Article III of the Rules of John Alden Condominium provides that "No noxious, offensive, dangerous or unsafe activity shall be carned on in the [sic] unit, or the Common Elements, nor shall anything be done therein either willfully or negligently, which may be or become and [sic] annoyance or nuisance to the other tenants or unit owners."
The plaintiffs allege in the Ninth Count of the complaint that the defendant condominium association had a fiduciary duty to them to enforce the quoted rule for their benefit with regard to Ackerman's conduct toward them and that its failure to do so is a breach of that fiduciary duty.
The association states in its motion to strike that the plaintiffs have failed to allege facts giving rise to a fiduciary obligation, and that their conclusory statement that a fiduciary relationship exists is insufficient to state a cause of action.
The plaintiffs have alleged that they purchased their condominium unit "subject to and in reliance upon the enforcement of the association rules and regulations." (Revised Complaint, Ninth Count. para. 15). They further allege that the association "is the entity that is responsible for the enforcement of the rules and regulations." (Id). The plaintiffs allege that "because [they] purchased their condominium with the justifiable trust that the rules and regulations would be enforced by the association, a resulting superiority and influence was created in the John Alden Condominium Association." (Revised Complaint, Ninth Count, para. 17). CT Page 4562
The issue before the court is whether a unit owner's stated reliance on the duty of a condominium association to enforce condominium rules creates a fiduciary relationship with regard to regulating the behavior of occupants of units.
The Connecticut Supreme Court has noted its own refusal to "attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations." Dunham v. Dunham,204 Conn. 303, 320 (1987); Alaimo v. Royer, 188 Conn. 36, 41
(1982). That Court has "[chosen] instead to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other."Dunham v. Dunham, 204 Conn. at 320; Harper v. Adametz,142 Conn. 218, 225 (1955).
In Dunham, the Supreme Court further observed that "[a] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interest of the other. . . The superior position of the fiduciary or dominant party affords him greater opportunities for abuse of the confidence reposed in him." Dunhamv. Dunham, 204 Conn. at 320 [citations omitted.]
Conn. Gen. Stat. § 47-244 defines the powers of condominium associations. It provides that a condominium association has authority to enact and enforce rules concerning the use and certain aspects of the occupancy of the units and the use of common elements of the condominium development. The powers enumerated in § 47-244 do not include authority to police the personal conduct of occupants of units with regard to interactions with other unit owners when such conduct does not involve the tenant's manner of using the condominium unit or common elements. The association rule cited by the plaintiff must be construed in a manner consonant with the powers that are granted to condominium associations by statute. None of the enumerated powers set forth in § 47-244 grant associations authority to regulate the conduct of unit owners except with regard to physical use of the units. See § 47-244 (c).[1]
The plaintiffs cannot, by their expectations, create powers in the condominium association that it does not have by law. The association s lack of statutory authority to police the personal behavior of occupants except in regard to the use or occupancy of the property means that the association does not have the CT Page 4563 "superiority" of ability or control that is required for a finding that a fiduciary relationship exists. In each of the cases cited by the plaintiffs, the person claimed to be a fiduciary had legal authority or ability to perform the tasks that the other party had entrusted to him. In the case before this court, the condominium association has not been alleged to have any legally authorized power to control or regulate the speech or personal conduct of occupants of units. It cannot therefore be found to be a fiduciary with regard to enforcement of any such control on the plaintiffs' behalf.
Conclusion
For the foregoing reasons, the plaintiffs have failed to state a claim in the ninth count, and the motion of John Alden condominium Association to strike the eighth and ninth counts of the revised complaint is granted.
HODGSON, J.