[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
By way of an eight-count complaint, dated March 24, 1999, the plaintiff, Arthur J. Rocque, acting in his official capacity as Commissioner of Environmental Protection, brought this action against all defendants for violation of General Statutes §22a-454 (a). Two of the defendants, Brian E. Cote and Sound Manufacturing, Inc., move to strike counts one, two, three and four of the complaint on the ground that the complaint fails to state a legally sufficient claim upon which relief can be granted. The plaintiff opposes the motion, asserting that sufficient facts have been alleged to establish that the defendants disposed of hazardous waste without a permit.
The plaintiff has alleged that "[o]n or about the period of April to June, 1997, Defendant Sound Manufacturing, Inc., removed the wood floor boards on the first floor of the building at the site and disposed of approximately twenty cubic yards of sand blasting waste in the void space beneath the level of the original floor. The sandblasting waste was then covered with concrete." (Complaint, ¶ 4.) The plaintiff further alleges that this sandblasting waste was hazardous waste, as defined by CT Page 15778 General Statutes § 22a-448 (3); (Complaint, ¶ 5); and that the covering of such hazardous waste with concrete constituted disposal without a permit; (Complaint, ¶ 7).
"[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2 (1994); see also Ferryman v.Groton, 212 Conn. 138, 142 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825 (1996).
Section 22a-454 (a) states, in relevant part, that "[n]o person shall engage in the business of collecting, storing or treating . . . hazardous wastes . . . without a permit from the commissioner." The defendants contend that the plaintiff has not sufficiently alleged that the material in question is hazardous waste, nor has the issue of disposal been sufficiently established. Paragraph five of the plaintiff's complaint alleges that the sandblasting waste contained a concentration of lead "sufficient to qualify the waste as hazardous" within the meaning of § 22a-448, § 3001 of RCRA and 42 U.S.C. § 6901 et seq. This paragraph is sufficient on its face, and thereby survives the defendants' motion to strike. Further, because the defendants do not prevail on this first issue, the court need not consider their second argument. See Gorga v. Uniroyal Chemical Corp,45 Conn. Sup. 24, 33, 697 A.2d 731 (1996).
Whether or not the allegation that the sandblasting waste is hazardous waste and was disposed of without a permit is left to be proven by the plaintiff. Nonetheless, the complaint contains sufficient facts on its face to maintain the cause of action. The motion to strike is therefore denied.
David L. Fineberg Superior Court Judge