[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
The defendants have filed a motion to strike directed to counts one, two, three and four of the complaint along its claims for relief pursuant to CGS sec. 31-72.
In the first count the plaintiff alleges that he was wrongfully discharged by the defendants Eric Demander, Jr. and Karl Ledbetter. Essentially the defendant's claim that the first count alleges nothing more than the plaintiffs had a contract for permanent employment for an indefinite term which was terminable at will. D'Ulisse-Cupa v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 211 n. 1. (1987).
The plaintiff argues that there was an implied contract which was breached by the defendants Demander and Ledbetter.
"[F]or the purpose of a motion to strike the moving part admits all facts well pleaded." RK Constructors Inc. v. Fusco Corp,231 Conn. 381, 383 N.2, (1994) see also Ferryman v. Groton,212 Conn. 138, 142 (1989). Additionally, on a motion to strike a count of the complaint the court must construe the facts alleged most favorably to the plaintiff Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580 (1997)
In the first count of the second revised complaint, the plaintiff alleges that he was a co-founder and organizer of the defendant corporation, expended many hours of work and effort in setting up and starting the corporation and at little or no pay. The plaintiff further alleges that he did so based on the oral promise of the defendants' Demander and Ledbetter, that the plaintiff, would be the president and chief executive officer of the corporation, for so long as he was able to gainfully contribute to the corporation.
The defendants are correct that the law is that contracts of permanent employment or for an indefinite term, are terminable at will. The parties are of course free to enter into an agreement that provides otherwise and it would be the plaintiffs burden to prove that the defendants entered into some agreement that he CT Page 3064 would be terminated only for cause. See Torosyan v. BoebringerInelheim Pharmaceuticals, Inc., 234 Conn. 1, 15 (1995).
There are circumstances in which there may be found to be an implied promise to discharge only for cause, which agreement may arise when an employee, in reliance on an implied representation that his position will not be arbitrarily terminated, acts in reasonable and significant reliance on such representation. SeeMagnan v. Anaconda Industries, Inc., 193 Conn. 558, 564-65
(1984). The plaintiff alleges that he acted in reliance upon the defendants' representation that he would be employed for as long as he could gainfully contribute to the corporation.
What the parties intended to encompass in their contractual commitments is a question of fact. The motion to strike the first count must therefore be denied.
The second count alleges that the defendants Ledbetter and Demander interfered with the plaintiffs contractual relations with the defendant corporation. The defendant corporation moves to strike this count only insofar as it seeks to state a cause of action against it. The corporation claims that it was a party to the alleged contract and thus cannot be held liable for interfering with a contract to which it was allegedly a party. The court agrees with the defendant. See Wellington Systems, Inc.v. Redding Group, Inc., 49 Conn. App. 152, 168 (1998).
The motion to strike is granted as to the second count as to the corporate defendant Community Crusade for Children, Inc. only.
In the third count of the complaint, the plaintiff seeks to state a cause of action in "civil conspiracy" against the defendants Ledbetter and Demander. The defendants move to strike this count on the basis that one of the elements of a cause of action for civil conspiracy is that two or more persons conspire to do a criminal or unlawful act or a lawful act by criminal or unlawful means. The basis of the defendants' motion appears to be that there is no allegation that the conduct of the defendants was criminal or unlawful.
In making such argument it appears that the defendants are essentially equating criminal conduct and unlawful conduct . . . However, the Restatement (second) of torts § 876 predicates liability on a "tortious" rather than unlawful or criminal act. CT Page 3065 Thus, according to the Restatement, if two or more persons conspire to commit a tortious act, each is liable for the conduct of the other. The defendants' motion to strike the count must therefore be denied since the allegations of that count are that they conspired to wrongfully terminate the employment of the plaintiff in order to increase their own salaries.
The fourth count of the complaint is directed against the defendants George Caruso, Daniel O'Mara, and Barbara Griffith, as directors of the corporate defendant. Basically, and as conceded by the plaintiff at oral argument, the fourth court is a claim that these defendants were negligent in the performance of their duties in that they did not timely convene a meeting to act on the plaintiffs suspension, they did not make a reasonable effort to verify the information that they received from the defendants Demander and Ledbetter or inquire of the plaintiff as to the truth thereof, and fired the defendant without cause.
However, the court agrees with the position of the defendant directors that they owed no duty to the plaintiff individually but rather any duty was owed to the corporation. Rosenfeld v.Metals Selling Corp. 229. 771, 787 (1994). If no duty exists then there can be no breach. The motion to strike is therefore granted as to the fourth count.
Finally, the defendants move to strike the claims for relief pursuant to § 31-72 of the Connecticut General Statutes. § 31-71a defines "Wages" as "compensation for labor or services rendered by an employee . . ." the complaint does not allege that the plaintiff performed any labor or rendered any services for which he has not been paid. The motion to strike is therefore granted as to the claims for relief pursuant to §31-72.
In summary, the defendants' motion to strike is denied as to counts one and three, and granted as to counts two (the corporate defendant only) and four, and the claim for relief pursuant to § 31-72 of the Connecticut General Statutes.
Bruce W. Thompson, Judge