[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION TO STRIKE (#116), OBJECTION (#117). AND REPLY TO OBJECTION (#119)
This is a medical malpractice action brought by the plaintiff, Kelly O'Sullivan, in her representative capacity as Administrator of the Estate of Jordan Paige Shackway, and individually, against Judith A. Hofrichter, M.D. and Women's Health Group of Manchester, P.C. The action arises out of the death of plaintiff's child, Jordan Paige Shackway, in August 1997.
The amended complaint alleges in the first count that defendant physician's negligent prenatal care and treatment of Kelly O'Sullivan resulted in the wrongful death in utero of the infant, Jordan Paige Shackway. The second count alleges that plaintiff Kelly O'Sullivan suffered severe emotional distress as a result of the defendant's negligent conduct. Defendants have filed a motion to strike the second count on the ground that it is legally insufficient, contending that under Maloney v. Conroy, 208 Conn. 393, 545 A.2d 1059 (1988), Connecticut does not recognize claims for bystander emotional distress in medical malpractice actions. Plaintiff maintains that the second count "properly claims damages for the negligent infliction of emotional distress," rather than bystander." emotional distress," because while receiving prenatal care a mother "is a participant and patient" of a treating physician, "not a mere bystander."
A motion to strike is appropriate whenever a party wishes to contest the legal sufficiency of a complaint. Gordon v. Bridgeport HousingCT Page 7530Authority, 205 Conn. 161, [208 Conn. 161]. 170,544 A.2d 1185, 1191 (1988); Connecticut Practice Book § 10-39. It admits all well pleaded facts; however, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368, 379 (1995). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading which is the subject of the motion; the court must view the facts alleged in a light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, supra. "If the facts provable under the allegations would support a . . . cause of action, the motion to strike must fail." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
In Maloney v. Conroy, supra., our Supreme Court held that "a bystander to medical malpractice may not recover for emotional distress." Thereafter, the Supreme Court, in Clohessy v. Bachelor, 237 Conn. 31,675 A.2d 852 (1996), dealt with bystander emotional distress in a non-medical malpractice context holding that "a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party," thus, creating a cause of action for bystander emotional distress.[1] As defendants maintain, the Clohessy decision did not expressly modify theMaloney holding (and rationale) with respect to medical malpractice actions.
Pertiment facts alleged in this compliant are as follows. At all relevant times, defendants Dr. Hofrichter and Women's Health Group were in a physician-patient relationship with plaintiff Kelly O'Sullivan with regard to her pregnancy with Jordan Paige Shackway. At all such times, Dr. Hofrichter, in her care and treatment of Kelly O'Sullivan and Jordan Paige Shackway, was acting within the scope of her employment with Women's Health Group, and in furtherance thereof. At about 9:30 a.m., on August 19, 1997, Kelly O'Sullivan was present with Dr. Hofrichter at a scheduled visit and expressed concern to the physician about not feeling any fetal movement since she had awakened. Plaintiff alleges that the physician claimed to have checked the fetal heartbeat, advised her that everything was fine and that the lack of fetal movement was normal at this stage of the pregnancy, and sent her home. Subsequently on August 19, after feeling no fetal movement for many more hours after leaving the offices of Dr. Hofrichter, Ms. O'Sullivan went to the Manchester Memorial Hospital Emergency Room and reported her situation. At approximately 9:20 p.m. on August 19, Kelly O'Sullivan was examined by Dr. Hofrichter at Manchester Memorial Hospital and advised that her baby had died in utero. On August 20, 1997, at approximately 6:30 p.m., after induced labor, Jordan Palge Shackway was delivered stillborn at Manchester Memorial Hospital.[2]
CT Page 7531
The second count incorporates by reference allegations contained in the first count and alleges that as "a direct and proximate result of the [physician's] conduct as aforementioned, the plaintiff, Kelly O'Sullivan, suffered severe emotional distress all to her loss and damage." Further, that the defendant physician "knew, or in the exercise of reasonable care, should have known, that her conduct in causing the death in utero of Kelly O'Sullivan's 39 week old child, would involve a risk of causing Kelly O'Sullivan to suffer severe emotional distress, and the distress, if it were caused, might result in illness or bodily harm."
As stated, under Connecticut law, a bystander to medical malpractice perpetrated upon another may not recover for emotional distress. Maloneyv. Conroy, supra. However, plaintiff here is not claiming bystander emotional distress, but negligent infliction of emotional distress suffered directly by her as a patient and participant in the prenatalcare administered to her by defendants.
In a number of Superior Court decisions, a distinction has been recognized between claims for bystander recovery and claims for negligent infliction of emotional distress based on the breach of a direct duty owned to a plaintiff/mother stemming from the physician-patient relationship. See, e.g., Stenglein v. Manfrededi, Superior Court, judicial district of Hartford, CV-99-0586779, May 18, 1999; Owen v. Foye, Superior Court, judicial district of Danbury, CV 98-0330878, January 7, 1999; Sanangelo v. Lewis, Superior Court, judicial district of Waterbury, CV 96-0132931, May 28, 1998; Blanchette v. Desper, Superior Court, judicial district of Waterbury, CV 98-144050, October 19, 1998; Manvillev. Williams, Superior Court, judicial district of Tolland, CV 97-65055, April 9, 1998; Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, CV 93-0525217, July 5, 1995; Casner v. Fine, Superior Court, judicial district of Hartford/New Britain at New Britain, CV 94-0462895, May 22, 1995; Tyrrell v. Cassell, Superior Court, judicial district of Fairfield, CV 93-0304981, February 23, 1995; Hall v. Mt. Sinai Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, CV 92-0516071, January 26, 1993;Shipp v. Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, CV 90-0273423, February 19, 1991. Decisions of the Superior Court have repeatedly held that a mother is not a mere bystander respecting matters incident to prenatal care and the delivery of her child. "To characterize a mother as a bystander at the birth of her child is "most troublesome' and "seems repugnant to logic."' Smith v. Humes, CV 950143884S, WL 435862, * 3 (Conn.Super. July 28, 1997) (quoting Brittonv. Borrelli, 7 Conn. Law Trib. No. 25, p. 11 (Conn.Super. June 5, 1981)). At this time, "there are two within the zone of danger and the doctor owes a duty to each." Id. Certainly, this reasoning should apply to CT Page 7532 prenatal care. A duty of proper obstetrical care is owned to a mother during pregnancy and delivery because during this time she, as well as the child, is in the zone of danger. See Delvecchio v. Flagg, CV 970081157S, 1198 WL 83197, *2 (Conn.Super. February 18, 1998); Hylan v.State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 398956, 7 Conn.L.Rptr. 222 (August 6, 1992);Santilli v. Kharma, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 77057 (March 27, 1987).[3]
Defendants place considerable reliance on Chabot v. Day KimbellHospital, Superior Court, judicial district of Windham at Putnam, CV 96-053562, February 28, 1997. There, the court struck claims of the plaintiff/mother arising from alleged negligence in the postnatal care of her infant daughter. However, the court denied the motion to strike with regard to the plaintiff/mother's claim for malpractice as to her own careand treatment during delivery and birth. The court stated, "[t]o the extent the emotional distress claim . . . derives from the deficient treatment of the mother herself, it is not bystander distress, but is compensable as flowing from medical malpractice perpetrated upon her person." Thus, there is a clear distinction between emotional distress suffered by a plaintiff/mother as a result of witnessing negligentpostnatal treatment of her child and emotional distress suffered by a plaintiff/mother as a consequence of negligent prenatal and obstetrical care of both her and her child.
To sustain a claim for negligent infliction of emotional distress, plaintiff must plead (and prove) that the defendant knew or should have known that her conduct involved an unreasonable risk of causing emotional distress, and the distress, if caused, might result in illness or bodily harm. Montinieri v. Southern New England Telephone Co., 175 Conn. 337,345, 398 A.2d 1180 (1978). In count two of her amended complaint, plaintiff alleges that "as a direct and proximate result" of the defendants' conduct she suffered "severe emotional distress." She further alleges that "defendant knew, or in the exercise of reasonable care should have known, that her conduct in causing the death in utero" of plaintiff's 39 week old child, would involve a risk of causing the plaintiff to "suffer severe emotional distress and the distress, if it were caused, might result in illness or bodily harm." Viewing the allegations of the second count in their entirety, together with all reasonable inferences to be drawn therefrom, and in the light most favorable to the nonmovant (as the court must on the instant motion), it is concluded that plaintiff, in her individual capacity, has plead a facially viable claim for negligent infliction of emotional distress.
Accordingly, defendants' motion to strike the second count is hereby denied. CT Page 7533
Mulcahy J.