[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE (NOS. 139, 141. 144. 150. 151 AND 159)
By way of a fourteen-count complaint, the Plaintiff, Nicole Cuhna, as the administratrix of the Estate of Priscilla Daigle, brings this action against Robert Fisher M.D., Orthopedic Associates of Hartford, P.C., Hartford Hospital, Christopher Leary M.D., John Volpe M.D., Kenneth Decarolis M.D., Prashante Shankar M.D., Darrin D'Agostino M.D., Peter Diamond M.D., Reservoir Rehabilitation Center, also known as Harborside Rehabilitation L.P. (Reservoir), and John Rodgers M.D. Defendants have filed separate motions moving to strike the "Loss of Chance" count levied against each of them individually on the ground that a claim for "loss of chance" is legally insufficient when there is also a claim for wrongful CT Page 8104 death arising out of the same alleged medical malpractice facts that form the basis of the "loss of chance" claims. Plaintiff responds to each motion with virtually identical opposition motions. Thus, the Court will deal with all motions in this one opinion.
Plaintiff has alleged in her revised amended complaint of March 29, 2000, (complaint) the following facts: Priscilla Daigle died on November 28, 1997. (Complaint, Count 1, ¶ 1.) Robert Fisher, an orthopedic surgeon, was the deceased's physician. (Complaint, Count 1, ¶ 3.) On or about October 30, 1997, Fisher performed a right knee replacement on Daigle at Hartford Hospital. (Complaint, Count 1, ¶ 5.) Daigle apparently suffered from severe post-operative pain and was released into the care of Reservoir, where her condition allegedly worsened. (Complaint, Count 1, ¶¶ 6-7.) She was subsequently readmitted to Hartford Hospital. (Complaint, Count 1, ¶ 9.) Upon readmittance, Daigle was diagnosed as having a pulmonary embolism and a non-displaced fracture of her femur. (Complaint, Count 1, ¶ 3.)
On November 7, 1997, the deceased was again released to Reservoir for rehabilitative services, but due to her worsening condition she was readmitted to Hartford Hospital that same day. (Complaint, Count 1, ¶ 10.) The deceased was again released to Reservoir on November 15, 1997, and then readmitted to Hartford Hospital on November 19, 1997. (Complaint, Count 1, ¶ 11.) Upon readmission, an x-ray was performed, which revealed that her femur fracture was now displaced and required surgery to repair. (Complaint, Count 1, ¶ 12.) Nine days later, Daigle expired. (Complaint, Count 1, ¶¶ 1, 13.)
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferrymanv. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action. Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996).
Defendants argue that the loss of chance counts and wrongful death counts cannot stand in the same complaint. To support this proposition, Defendants state that the Connecticut Wrongful Death Act, General Statutes § 52-555, is the only basis upon which an action, which CT Page 8105 includes as an element of damages a person's death or its consequences, can be brought. Defendants cite Lynn v. Haybuster Mfg., Inc.,226 Conn. 282, 295, 627 A.2d 1288 (1993). Plaintiff argues that her causes of action are supported by the findings in Borkowski v. Sacheti,43 Conn. App. 294, 682 A.2d 1095 (1996), cert. denied, 239 Conn. 945,686 A.2d 120 (1996), which was decided post-Haybuster. The Court agrees with Plaintiff.
Borkowski was a medical malpractice action brought by Marcella D. Borkowski as administratrix of the estate of her deceased husband, Anthony Borkowski. Id., 295. The operative complaint in Borkowski
contained three counts: the first count alleged that the decedent's wrongful death was caused by the negligence of the defendant; the second count alleged a loss of chance of survival by the decedent due to the negligence of the defendant; and the third count alleged a loss of consortium. Id., 295-96. The trial court submitted the first and third counts to the jury but refused to submit the second count holding that there was no cognizable cause of action for loss of chance. Id., 296. The Appellate Court reversed, and remanded the case to the trial court, holding that such a cause of action did in fact exist and should have been presented to the jury along with the first and third counts. Id., 315. Accordingly, the Appellate Court would have allowed the loss of chance second count to be presented to the jury right along with the wrongful death first count.
In order to succeed on a claim for loss of chance, Plaintiff must show "(1) that he has in fact been deprived of a chance for successful treatment and (2) that the decreased chance for successful treatment more likely than not resulted from the defendant's negligence." (Internal quotation marks omitted.) Id., 310. Plaintiff alleges as to each Defendant that "the deceased, Priscilla Daigle, has been deprived of a chance for successful treatment." (See Complaint, Count 8, ¶ 14; Count 9, ¶ 15; Count 10, ¶ 17; Count 11, ¶ 18; Count 12, ¶ 18; Count 13, ¶ 17; Count 14, ¶ 18.) Plaintiff further pleads specific facts as to how each Defendant's actions deprived Daigle of a chance for successful treatment. See id. Plaintiff therefore alleges facts as to each Defendant which, taken as true as required under a motion to strike, are sufficient to support a count for loss of chance.
Additionally, Defendants argue that while "Connecticut does recognize the existence of a cause of action for loss of chance in medical malpractice cases, [such a] count is only appropriate where the Plaintiffdid not die or dies of unrelated causes." (Memorandum of Law In Support of Defendant Hartford Hospital's Motion to Strike, p. 4.)[1] The Defendants offer no authority for this proposition. See id. Further this assertion is belied by the facts of Borkowski (cause of action for loss CT Page 8106 of chance brought by administratrix on behalf of decedent), and the additional case of Wallace v. St. Francis Hospital Medical Center,44 Conn. App. 257, 688 A.2d 352 (1997) (cause of action for loss of chance brought by administratrix on behalf of decedent). "[i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). The Plaintiff has alleged sufficient facts to support her claim of loss of chance.
The motions to strike counts eight, nine, ten, eleven, twelve, thirteen and fourteen are denied.
 David L. Fineberg Superior Court Judge