[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE
This is an action resulting from a former employment relationship between the plaintiff, Albert Mislow, and the defendant, Continuing Care of South Windsor, doing business as South Windsor Nursing Home. (Hereafter Continuing Care). On September 8, 2000, plaintiff Albert Mislow filed a four count complaint against the defendant. The complaint, later amended by the plaintiff to seven counts, alleges various contractual and statutory violations made by defendant Continuing Care after the termination of plaintiff's employment.
I. Factual Background
Consideration of the motion to strike presupposes that the following facts, gleaned from the complaint, are true. Ferryman v. Groton, CT Page 4897212 Conn. 138, 142, 561 A.2d 432 (1989) The defendant, Continuing Care, is a Connecticut corporation doing business as South Windsor Nursing Home. On or about October 4, 1993, the plaintiff, Albert Mislow, began employment with the defendant as a nursing home administrator.
Prior to the commencement of his employment, plaintiff Albert Mislow negotiated an agreement the terms of which included a profit sharing bonus with defendant Continuing Care. The negotiated agreement provided that plaintiff Albert Mislow would receive a formulated profit sharing bonus equal to five percent of the pretax profit of defendant Continuing Care as his compensation for additional services.
In addition to the profit sharing bonus, defendant Continuing Care also promised to pay plaintiff Albert Mislow for travel expenses, medical expenses, and four weeks vacation per year. Further, defendant Continuing Care had a general policy entitling its' employees to payment of accrued vacation time, medical expenses, and travel expenses upon termination of employment.
On November 9, 1999, plaintiff Albert Mislow's employment was terminated by defendant Continuing Care. Upon his termination, defendant Continuing Care refused to pay to plaintiff Albert Mislow his accrued vacation time, travel expenses, medical expenses, and profit sharing bonus.
II. Relevant Count of Complaint
On December 6, 2000, defendant Continuing Care moved to strike counts IV and VI of plaintiff Albert Mislow's complaint as revised. In count IV, plaintiff Albert Mislow alleges that defendant Continuing Care's nonpayment of vacation time, travel expenses, and medical expenses violates Connecticut General Statute § 31-76k. In count VI, plaintiff Albert Mislow alleges that defendant Continuing Care's nonpayment of the profit sharing bonus violates Connecticut General Statute § 31-71 a. Plaintiff Albert Mislow opposes this motion to strike.
A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations, but does not admit legal conclusions or opinions stated in the complaint. Id. The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted.Novametrix v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). If the court can construe the facts in the complaint to support a cause of action, the motion to strike must be denied. Waters v. Autori,236 Conn. 820, 826 (1996). CT Page 4898
A. Count IV: Failure to pay wages in violation of Connecticut General Statute § 31-76 (k).
The court now shall address count IV of the plaintiff Albert Mislow's complaint, which alleges that the defendant Continuing Care's refusal to pay the plaintiff accrued vacation time, medical expenses, and travel expenses is a failure to pay wages in violation of Connecticut General Statute § 31-76k. Connecticut General Statute § 31-76k states in relevant part
 If an employer policy or collective bargaining agreement provides for the payment of accrued fringe benefits upon termination, including but not limited to paid vacations, holidays, sick days and earned leave, and an employee is terminated without having received such accrued fringe benefits, such employee shall be compensated for such accrued fringe benefits exclusive of normal pension benefits in the form of wages in accordance with such agreement or policy but in no case less than the earned average rate for the accrual period pursuant to sections 31-71a to 31-71i, inclusive.
Plaintiff Albert Mislow asserts that upon his termination of employment with defendant Continuing Care, said defendant refused to pay his accrued fringe benefits. Plaintiff Albert Mislow further asserts that the payment of such fringe benefits upon termination of an employee was the policy of defendant Continuing Care.
In Fulco v. Norwich Roman Catholic Diocesan Corp., 27 Conn. App. 800,806 (1993), the court ruled that in order to state a claim under C.G.S. § 31-76k, a plaintiff must plead either the existence of an employer policy or a collective bargaining agreement. Plaintiff Albert Mislow has sufficiently pled the existence of an employer policy. Construing this fact in the light most favorable to the pleader, the court declines to grant the motion to strike for the reason that the allegations support a cause of action for failure to make payment of fringe benefits under Connecticut General Statute § 31-76k.
B. Count VI: Failure to pay wages in accordance with Connecticut General Statute § 31-71 a.
Also to be examined by the court on this motion to strike is the question of the profit sharing bonus. Plaintiff Albert Mislow asserts that defendant Continuing Care's refusal to pay the profit sharing bonus for his additional services rendered is a violation of Connecticut CT Page 4899 General Statute § 31-71a which states in relevant part
 (3) wages means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission, or other basis of calculation.
The Connecticut Appellate court has not yet decided the issue of whether a bonus constitutes wages under said statute when it is given in exchange for additional services. However, the Connecticut Superior Court in two opinions has ruled that when a bonus is earned in exchange for additional services, it qualifies as wages under C.G.S. § 31-71a.Ziotas v. Reardon Law Firm, No. 550776, Conn. Super. Ct. (October 23, 2000) (Corradino, J); see also Wuerth v. Schott Electronics, Inc., CV 91 036406S (March 13, 1992) (Flynn, J.).
Plaintiff Albert Mislow has alleged a connection between the additional work performed and the promise of a bonus. He has alleged that the bonus was in exchange for his additional services. Therefore the alleged bonus could constitute wages under Connecticut General Statute § 31-71a.
III. Conclusion
For the foregoing reasons, the motion to strike is denied.
Clarance J. Jones, Judge