[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
This action arises out of injuries allegedly sustained by the plaintiffs decedent, Helen Whittaker, when she fell out of bed at a convalescent home owned by the defendant on August 16, 1996.[1] Count one recites a number of acts and omissions CT Page 2755 which, the plaintiff claims were negligent and which caused Whittaker's injuries. Count Two alleges that the actions or inactions that resulted in Whittaker's fall constituted a breach of its contract with Whittaker. The Third Count, which is the subject of the present motion to strike, repeats the allegations of the first two counts and alleges that the defendants conduct constitutes an unfair or deceptive trade practice within the meaning of General Statutes § 42 11b et seq.
"The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Although the parties have briefed this issue extensively, the decision on this motion is in fact controlled by the case ofHaynes v. Yale New Haven Hospital, 243 Conn. 17 (1997). The Supreme Court in that case held that "medical malpractice claims recast as CUTPA claims cannot form the basis for a CUTPA violation. To hold otherwise would transform every claim of medical malpractice into a CUTPA claim . . . The touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel." Id. at 38.
Although the plaintiff correctly notes that the Supreme Court also stated that a blanket exemption for the medical profession from liability under CUTPA would be improper, she has not directed the courts attention to any facts alleged in her complaint which implicate the entrepreneurial aspect of the CT Page 2756 defendants business. The allegations relied on by the plaintiff (e.g. that the defendant made representations concerning its having a clean and inviting environment, that it would respond to the medical needs of individual patients, that patients would be treated with compassion, dignity and respect, that there would be systematic communication with family members, etc.) are no more than a representation to the public that the defendant "would meet the applicable standards of competency [for a convalescent hospital.] This representation is simply what all physicians and health care providers represent to the public — that they are licensed and impliedly that they will meet the applicable standards of care. If they fail to meet the standard of care and harm results, the remedy is not one based on CUTPA, but on malpractice." Id. at 39.
The general representations which the plaintiff cites as grounds for her CUTPA claim are thus insufficient to set forth a claim upon which may be granted as a matter of law. The motion to strike is therefore granted.
Jonathan E. Silbert, Judge