[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The plaintiffs, Cristwood Contracting, Inc. ("Cristwood") and Carolina Casualty Insurance Co. ("Carolina"), have filed a four count complaint against several defendants alleging wrongful acts in connection with a construction project (the "project"). The defendant, Becker Becker, Associates, Inc. ("Becker"), has filed a motion to strike count four of the complaint on the ground that it fails to state a cause of action.
The following facts are alleged in the plaintiffs' complaint. The defendant 60 Gregory Boulevard ("Gregory"), the owner of the property, entered into a contract with Becker, an architectural firm, in which Becker agreed to provide architectural services for the project. Gregory also hired Cristwood, a contractor, to provide certain materials and services for the project. Carolina, a surety, posted bonds for Cristwood, and has been assigned Cristwood's rights under its agreement with Gregory. CT Page 3081
The plaintiffs, in count four, allege that Becker breached a duty to Cristwood to provide accurate plans and specifications, and to properly administer the project. Becker argues that this count is legally insufficient because Becker did not owe a duty to the plaintiffs as a matter of law. Specifically, Becker argues that it did not owe the plaintiffs a duty of care because there was no privity of contract between Becker and Cristwood.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp. , 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
In Coburn v. Lenox Homes, Inc., 173 Conn. 567, 574-75,378 A.2d 599 (1977) the issue was whether subsequent purchasers of a home, in the absence of privity of contract with the tortfeasor, could recover from a contractor who had negligently installed a septic system. The court stated: "The revolution on the law of negligence which began with MacPherson v. Buick Motor Co.,217 N.Y. 382, 111 N.E. 1050, and which resulted in recognition thatprivity was not a legitimate concern in negligence actions has finally produced the general rule that the seller is liable for negligence in the manufacture or sale of any product which may reasonably be expected to be capable of inflicting substantial harm if it is defective." (Emphasis added, internal quotation marks omitted.) Coburn v. Lenox Homes, Inc., supra,173 Conn. 574-75. "It is clear that a defectively constructed house is likely to result in damage to the owner and there is no reason why the builder-vendor should not be liable for the effects of his negligence if they were foreseeable." Id., 575. The Appellate Court, when discussing the fall of the privity barrier in negligence actions, stated: "The effect of these legal developments on architects and engineers was to extend their liability beyond the date of completion of an improvement to all foreseeable users." R. A. Civitello Co. v. New Haven,6 Conn. App. 212, 225, 504 A.2d 542 (1986). Accordingly, the plaintiffs need not allege privity of contract to recover in negligence.
Becker argues that, in the absence of privity of contract, it can only be liable to those who suffer personal injury or CT Page 3082 property damage, and cannot be liable to those who solely suffer economic loss. In support of its argument, Becker cites R. A.Civitello Co. v. New Haven, supra, 6 Conn. App. 225. However, in Civitello, the court did not distinguish between various types of damages. See R.A. Civitello v. New Haven, supra,6 Conn. App. 225.[1]
Moreover, "[a] majority of jurisdictions have held that the absence of privity of contract is not a bar to negligence actions by construction professionals against one another for economic losses where reliance by the plaintiff was reasonably foreseeable. . . . [T]his court will follow the majority of jurisdictions, [and hold that] lack of privity where economic loss is claimed does not constitute a bar to a negligence action." City of Danbury v. Flaherty Giavara Associates, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 245246 (November 3, 1988, Schaller, J.); accord DarienAsphalt Paving, Inc. v. Town of Newtown, Superior Court, judicial district of New Britain at New Britain, Docket No. 04878 (December 3, 1998, Nadeau, J.) (the fact that the plaintiff claimed only economic damages was not a bar to recovery in negligence against an architectural firm in the absence of privity of contract); Insurance Co. of North America v. Town ofManchester, 17 F. Sup. 2d 81, 86-7 (D. Conn. 1998) (privity of contract is not necessary for the plaintiff surety to recover for economic loss in a negligence action). Accordingly, the court holds that privity of contract is not necessary to state a claim for negligence against a construction professional where the plaintiff seeks to recover solely economic damages.
Here, the plaintiffs have alleged that Becker owed a duty to Cristwood because Cristwood, the general contractor on the project, reasonably relied on Becker's administration of the project, and on the accuracy of Becker's plans and specifications. The plaintiffs further allege that Becker's duty to Cristwood was breached through Becker's negligence, and that this breach caused the plaintiffs' damages. Therefore, Cristwood has adequately stated a claim for negligence against Becker. SeeDarien Asphalt Pavina, Inc. v. Town of Newtown, supra, Docket No. 04878 (design professional owed a duty to construction contractors on the project where the contractors reasonably relied on the plans). Accordingly, the court will not strike count four on the ground that it fails to state a claim upon which relief can be granted. CT Page 3083
For the foregoing reasons, the motion to strike is denied.
Hickey, J.