## HELEN CRUMB *v.* WATERBURY HOSPITAL HEALTH CENTER

| Superior Court | Judicial District of Waterbury | File No. CV950125995S |
|---|---|---|

Memorandum filed August 14, 1998

---

*Moore, O'Brien, Jacques & Yelenak,* for the plaintiff.

*Carmody & Torrance,* for the defendant.

PELLEGRINO, J. The defendant, Waterbury Hospital Health Center, asks the court to consider whether a claim of unintentional infliction of emotional distress due to "exposure" to the acquired immune deficiency syndrome (AIDS) virus by the plaintiff, Helen Crumb, is legally sufficient to survive a motion to strike. The facts as pleaded allege that the plaintiff, a patient in the defendant hospital, was being turned over in her bed by hospital staff when she was struck by an "unprotected needle" that either had been left in the bed or in the hospital linens. The plaintiff claims to have developed a fear of contracting AIDS as a result of this incident.

In its review of a motion to strike, the trial court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. *Sassone* v. *Lepore*, 226 Conn. 773, 780, 629 A.2d 357 (1993); *Michaud* v. *Wawruck*, 209 Conn. 407, 408, 551 A.2d 738 (1988). *Waters* v. *Autuori*, 236 Conn. 820, 822, 676 A.2d 357 (1996). . . . *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 68, 700 A.2d 655 (1997). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . *Faulkner* v. *United Technologies Corp.*, [240 Conn. 576, 580, 693 A.2d 293 (1997)]." (Internal quotation marks omitted.) *Peter-Michael, Inc.* v. *Sea Shell Associates*, 244 Conn. 269, 270–71, 709 A.2d 558 (1998).

The defendant urges the court to follow the recent Supreme Court decision in *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 244, 654 A.2d 748 (1995), in which the trial court granted a motion for summary judgment in a matter factually similar to the present case. The

*Barrett* plaintiffs, a husband and wife, filed their complaint for unintentional infliction of emotional distress based on their fear of contracting the AIDS virus after the plaintiff husband was directed by hospital staff to sit in a pool of stranger's blood on a stretcher, during the course of his rectal exam. Id., 244–45. In that case, as in this one, there was no claim that the plaintiff suffered "actual exposure" to the disease.

Indeed, in its review of the summary judgment entered by the trial court, the *Barrett* court refused to adopt an actual exposure test, which would have required the plaintiffs to prove actual exposure to a disease-causing agent in order to maintain their cause of action. Instead, what convinced the *Barrett* court to affirm judgment against the plaintiffs was the fact that they failed to show any contact with a stranger's blood in the manner that they claimed caused their fear, i.e., introduction of a stranger's blood into the plaintiff husband's rectum. Id., 262.

Significantly, the *Barrett* court reviewed facts *outside of the complaint*, in the form of affidavits supporting the defendant's motion for summary judgment. That is not the standard of review permitted this court on a motion to strike. This court may look only to the facts alleged in the complaint to determine whether as pleaded they support a cause of action.

The plaintiff alleges that her fear arises from being stuck with an unprotected needle in a hospital bed, clearly demonstrating contact between the needle and her blood. After *Montinieri* v. *Southern New England Telephone Co.*, 175 Conn. 337, 345, 398 A.2d 1180 (1978), a cause of action for unintentionally-caused emotional distress "does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact" but must include conduct by the defendant that

"involved an unreasonable risk of causing emotional distress . . . ."

In *Barrett*, the plaintiffs could not overcome a motion for summary judgment because their proof failed to demonstrate that the defendant hospital's conduct involved an unreasonable risk of causing the complained of distress. Such level of proof is not required to survive a motion to strike; however, under the relevant standard of review, it is this court's opinion that the facts alleged in the plaintiff's complaint do indeed satisfy the *Montinieri* test, by demonstrating conduct that involved an unreasonable risk of causing emotional distress.

The defendant's motion to strike is denied.