[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#123) AND PLAINTIFF'S OBJECTION TO THE DEFENDANT'S, MOTION TO STRIKE (#127)
This claim arises from circumstances surrounding the birth of the minor plaintiff, Tajanae Crawford, following the labor and delivery of her mother, the plaintiff Talisha Cannady. The complaint has been brought against the defendant Saint Francis Hospital and Medical Center and two physicians, alleging that they failed to provide appropriate care to these plaintiffs during the period prior to and during Tajanae's birth, all of which caused the plaintiffs to sustain injuries and losses. Saint Francis Hospital and Medical Center has moved to strike the fourth count of the complaint, which presents claims on behalf of Talisha Cannady. The defendant asserts that this count both states a legally insufficient cause of action and lacks clarity as to whether the claim it presents is grounded in the legal theory of "negligent infliction of emotional distress" or so-called "`bystander' emotional distress.'" (#123). Talisha Cannady has objected to this motion to strike, arguing that the fourth count of the complaint sounds clearly in the negligent conduct of the defendant hospital with regard to its treatment of both plaintiffs, and that the injuries and losses asserted "forseeably flow from this breach." (#127).
As drafted, the fourth count of the complaint incorporates relevant portions of the third count. The third count of the complaint alleges, inter alia, that Saint Francis Hospital and Medical Center owed a duty to Talisha Cannady, and that this duty was breached in the course of the provision of care for her pregnancy, labor and delivery of the minor plaintiff, Tanajae Crawford. These allegations, set forth in paragraphs 1 through 5 of the third count, have been incorporated into Paragraphs 11-15 of the fourth.[1] Through use of this convention, the plaintiff-mother thus has specifically alleged, in the fourth count, the hospital's status as a health-care provider owing a duty to her and to Tajanae Crawford, "in utero"; the intimate relationship between the plaintiff-mother and Tajanae Crawford during the times at issue; the breach of the hospital's duty through the negligent provision of medical services; and the causation of injuries and losses to the minor-plaintiff. The fourth count of the complaint adds allegations that the defendant Saint Francis Hospital and Medical Center "knew or should have known that [its] conduct was likely to cause unreasonable risk of severe psychological, physiologic and emotional distress" to Talisha Cannady, and that, as the result of this careless and negligent delivery of health care to Talisha Cannady, she has suffered and will continue to CT Page 6568 suffer from severe psychological, physiologic and emotional distress, impairing her ability to carry on and enjoy life's activities.
In considering the defendant hospital's present arguments, the court has heeded the legal principles related to the motion to strike. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). When considering a defendant's motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 580. Thus, the role of the trial court in ruling on a motion to strike is to examine the complaint, construed in favor of the plaintiff, to determine whether the plaintiff has stated a legally sufficient cause of action. See Napoletanov. Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996).
Connecticut is a "fact pleading" state. Section 10-1 of the Practice Book requires that "[e]ach pleading . . . contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved . . ." "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825,676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . What is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
Applying these principles to the fourth count of the complaint, the court finds that the plaintiff-mother has set forth the basis of her action without ambiguity. Despite the defendant's claims of lack of clarity, the fourth count explicitly alleges that as a patient receiving services provided by the defendant hospital, Talish Cannady herself was owed a duty of care, as was the child she carried; that this duty was breached; and that the stated injuries proximately resulted from this breach. The fourth count clearly establishes a claim based upon negligent infliction of emotional harm to the subject of tortious conduct. SeePamela B. v. Ment, supra, 244 Conn. 308. It would strain logic and ratiocination to impute to the fourth count any intention to plead based upon the theory of "bystander liability", as suggested by the defendant. CT Page 6569
It is been well said that "[a] mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable. Where the child remains a part of the mother's physical being, concerns for the child's welfare during delivery procedures are concerns for the mother's well being." Golymbieski v. Equia, Docket No. CV95-0125140, judicial district of Waterbury (Fasano, J., May 22, 1997). In a case such as that presented here, where the plaintiff-mother does not occupy the status of a mere "bystander" during pregnancy, labor and delivery, she is entitled to pursue the legal theory of negligent infliction of emotional harm. See Montinieri v. Southern New EnglandTelephone Company, 175 Conn. 337, 345, 398 A.2d 1180 (1978). In cases following Montinieri, the courts have followed the principle that "`a cause of action for unintentionally-caused emotional distress `does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact' but must include conduct by the defendant that `involved an unreasonable risk of causing emotional distress. . . .'" (Citation omitted.) Crumb v. Waterbury Hospital Health Center,45 Conn. Sup. 458, 460-61, A.2d (Pelligrino, J., 1998).
As to the defendant's argument that the fourth count of the complaint fails to state a legally sufficient cause of action, a fair reading of the facts alleged in this count must incorporate reference to the facts asserted in the third count, as described above. Viewed from this perspective, the fourth count of the plaintiffs complaint discloses allegations that the defendant health-care provider, Saint Francis Hospital and Medical Center, demonstrated conduct that involved an unreasonable risk of causing emotional distress to its patient, Talisha Cannady. With these specific allegations in mind, it is reasonable to conclude that "the facts alleged in the plaintiffs complaint do indeed satisfy the Montinieri test." Crumb v. Waterbury Hospital Health Center, supra, 45 Conn. Sup. 461; see also Pamela B. v. Ment, supra, 244 Conn. 308. Thus, as the plaintiffs have has thereby fulfilled their obligation to set forth in the fourth count of the complaint facts which, "if provable . . . would support a cause of action, the motion to strike must be denied." Pamela B. v. Ment, supra, 244 Conn. 308 (1998).
WHEREFORE, the defendant's motion to strike (#123) is hereby DENIED, and the plaintiffs objection to the defendant Saint Francis Hospital's motion to strike (#127) is hereby SUSTAINED.
BY THE COURT,
N. Rubinow, J.