[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (PLEADING #116)
The defendant moves the court to strike the demand for common law punitive damages from the second amended complaint. For the reasons stated below, the motion is granted.
The plaintiff, Enviro Express, Inc. alleges the following facts in its second amended complaint. The defendant, Bridgeport Resco Co., L.P., owns and operates a resource recovery facility in Bridgeport and disposes of solid waste. The defendant's disposal process results in the production of ash residue. The plaintiff hauls the defendant's ash residue to licensed disposal facilities designated by the defendant. The plaintiff and the defendant have been doing business with each other since 1988, CT Page 12950 and, over the course of their relationship, have entered into several agreements. On June 9, 1999, they entered into a letter agreement related to hauling fees. The plaintiff alleges that on March 7, 2000, the defendant notified the plaintiff of its intent to reduce the hauling fee that it pays to the plaintiff; and that on or about May 9, 2000, the defendant "unilaterally" reduced the hauling fee by $2 per ton.
In the three count second amended complaint, filed on February 23, 2000, the plaintiff asserts causes of action against the defendant for breach of contract, violation of the Connecticut Unfair Trade Practice Act (CUTPA), and breach of the implied covenant of good faith and fair dealing. In its prayer for relief, the plaintiff seeks money damages, common law punitive damages for its breach of the implied covenant claim, and punitive damages and attorney's fees for its CUTPA claim.
The following procedural history is relevant to this motion. In the plaintiff's first amended complaint, filed on August 21, 2000, the plaintiff asserted the same causes of action and sought the same relief that it seeks in the second amended complaint. On September 20, 2000, the defendant filed a motion to strike plaintiff's CUTPA cause of action and its prayer for common law punitive damages. On February 15, 2001, the court (Melville, J.) issued a memorandum of decision denying the defendant's motion to strike the CUTPA claim[1] and granting the motion to strike the prayer for common law punitive damages. In the decision the court noted that in its cause of action for breach of the implied covenant (count three), the plaintiff incorporated the allegations it made in its cause of action for breach of contract (count one) and concluded that, "[t]he factual allegations contained in counts one and three are, however, insufficient to support [the plaintiff's] contention that [the defendant's] conduct was wilfully, recklessly, or maliciously tortious. Therefore, [the defendant's] motion to strike [the plaintiff's] prayer for common law punitive damages is hereby granted."
On February 23, 2001, the plaintiff filed a request for leave to file an amended complaint together with the proposed second amended complaint. The only significant difference between the first and second amended complaint occurs in the third count wherein the plaintiff alleges its cause of action for breach of the implied covenant of good faith. This is the count on which the plaintiff bases its claim for common law punitive damages. As noted above, in the third count of the first amended complaint, the plaintiff incorporated the allegations it made in its claim for breach of contract. In the third count of the second amended complaint the plaintiff incorporates both the allegations it makes in its breach of contract claim and the allegations it makes in its CUTPA claim. CT Page 12951
"Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "Practice Book [§ 10-39] allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998).
In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the complaints, construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-233, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The motion to strike . . . admits all facts well pleaded." (Internal quotation marks omitted.)Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "This includes the facts necessarily implied and fairly provable under the allegations. . . . [I]t does not include however the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.)Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
In this case, the defendant moves to strike the plaintiff's prayer for common law punitive damages on the ground that, in count three, the plaintiff fails to allege facts that would support a finding that the defendant's conduct was wanton and malicious and was undertaken by the defendant with evil motive and violence. The defendant argues that the factual allegations that the plaintiff relies on to support of its claim for breach of the implied covenant of good faith do not rise above the level of simple tortious conduct, and are insufficient to support a claim for punitive damages. In response, the plaintiff contends that it has alleged facts sufficient to maintain a demand for common law punitive damages by incorporating into the third count certain language from its CUTPA count (count two) which count survived the defendant's previous motion to strike.
Specifically, in the third count, the plaintiff alleges, by incorporation, that the defendant acted "in an immoral, unethical, oppressive and/or unscrupulous manner" with "tortious intent" in breaching the terms of the parties' 1999 letter agreement by unilaterally reducing CT Page 12952 the hauling rate for ash residue. In addition to alleging that the defendant breached the agreement, the plaintiff specifically asserts that the defendant's "unilateral" act of reducing the hauling fee by $2 per ton was done in an immoral, unethical, oppressive and/or unscrupulous manner. The plaintiff contends that the parties entered into the agreement to resolve prior litigation between them and that the defendant's breach of the agreement less than one year later indicates it never intended to fulfill the terms thereof and entered into the agreement solely to terminate the prior litigation. The plaintiff further asserts that in violating the agreement, the defendant acted with a tortious intent because it unilaterally reduced the hauling fee without negotiating the reduction with the plaintiff and without giving consideration to the plaintiff's position.
"Punitive damages are not ordinarily recoverable for breach of contract. . . . This is so because . . . punitive or exemplary damages are assessed by way of punishment, and the motivating basis does not usually arise as a result of the ordinary private contract relationship. The few classes of cases in which such damages have been allowed contain elements which bring them within the field of tort." (Citation omitted).Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 127,222 A.2d 220 (1966). "The flavor of the basic requirement to justify an award of punitive or exemplary damages has been repeatedly described in terms of wanton and malicious injury, evil motive and violence. . . . The Restatement declares that punitive damages may be awarded only for `outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others.' Restatement, 4 Torts § 908, comment (b)." Id., 128; see also L.F. Pace Sons, Inc. v.Travelers Indemnity Co., 9 Conn. App. 30, 47-48, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986).
"The single reported case in which an award of punitive damages for breach of contract was upheld is L.F. Pace Sons, Inc. [v. TravelersIndemnity Co.], a case in which the plaintiff was damaged by the defendant's breach of its implied contract to issue certain surety bonds." Barry v. Posi-Seal International, Inc., 40 Conn. App. 577, 584,672 A.2d 514 (1996), cert. denied 237 Conn. 917, 676 A.2d 1373 (1996). InBarry v. Posi-Seal International, Inc., the issue before the court was whether punitive damages could be recovered for breach of the implied covenant of good faith in the context of an employment contract. The court recognized the special status accorded to contracts of insurance and distinguished the relationship between the parties to such contracts from the relationship between parties to an employment contract. The court noted that in allowing the recovery of punitive damages for breach of an insurance contract, as opposed to breach of"an ordinary commercial contract," the court is motivated by "policy considerations" that are CT Page 12953 particular to the relationship between the insurer and the insured. Id., 585-87. The court reversed the decision of the trial court and held that "where there is no allegation or proof that the termination of employment is violative of an important public policy, punitive damages cannot be recovered on a claim that a termination constituted a breach of the implied covenant of good faith and fair dealing contained in an employment contract." Id., 587-88.
Apart from the specific exemption the court recognized for claims involving violations of public policy violation in the context of employment contracts, these cases appear to limit the circumstances under which a plaintiff may recover punitive damages for breach of the implied covenant of good faith to cases involving insurance contracts in which the plaintiff claims to have been injured by conduct by an insurer that is alleged in terms of wanton and malicious injury, evil motive and violence and outrageous conduct. See Day v. Yale University School ofDrama, Superior Court, judicial district of New Haven at New Haven, Docket No. 400876 (March 7, 2000, Licari, J.) (26 Conn. L. Rptr. 634, 641) (court declines to extend availability of punitive damages to breach of covenant of good faith in context of contract for educational services); Ricotta v. Drummond, Superior Court, judicial district of Danbury, Docket No. 324047 (February 25, 1997, Stodolink, J.) (prayer for punitive damages inappropriate in context of construction agreement because facts bear no resemblance to those of L.F. Pace Sons, Inc. v.Travelers Indemnity Co.).
Even if such a limited interpretation is not warranted and punitive damages may be available for breach of the implied covenant of good faith in the context of ordinary commercial contracts, it is clear the remedy is only available if the plaintiff alleges facts sufficient to show that the defendant engaged in conduct that was wanton, maliciously injurious, outrageous and done with evil motive and violence. Triangle Sheet MetalWorks, Inc. v. Silver, supra, 154 Conn. 128. Malicious conduct is conduct that is done with "a motivating intent or design, actual or constructive, on the part of the defendants to harm the plaintiff by their conduct." Id.
In this case, the plaintiff fails to allege specific facts to establish tortious conduct of such an outrageous nature as to sustain a demand for an award of punitive damages for breach of covenant of good faith and fair dealing. Allegations such as those made by the plaintiff in this case, that show the defendant was motivated to help itself; but that do not include facts that indicate that the defendant intended to harm the plaintiff are not sufficient to support an award of punitive damages. SeeDunsmore Associates, Ltd. v. D'Alessio, Superior Court, judicial district of New Haven at New Haven, Docket No. 409906 (January 6, 2000, CT Page 12954Levin, J.). Accordingly, the defendant's motion to strike the plaintiff's prayer for common law punitive damages is granted.
THIM, J.