[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
This action arises from the execution of two sales contracts for one parcel of residential real estate, with a subsequent conveyance by the defendant Chase Manhattan Bank, hereafter Chase, to one of the two prospective purchasers.
Chase filed a motion to strike count three of the plaintiffs revised complaint, which alleges a CUTPA violation premised on the underlying claim of breach of contract. It argues the plaintiff failed to allege the essential elements to take this matter beyond a simple breach of contract dispute for purposes of CUTPA. The plaintiff opposes the motion, claiming that he has alleged sufficient "aggravating circumstances" to support his CUTPA claim. The issue is whether the aggravating circumstances alleged by the plaintiffs state adequate facts to support a CUTPA violation based on a breach of contract. For the reasons stated in detail below, the court finds that the count does allege sufficient aggravating circumstances and denies the motion to strike.
 A. FACTS
A resolution of the issue requires a review of the facts alleged. The gravamen of the plaintiffs complaint is that while negotiating with Chase for the purchase of certain residential real estate located in Farmington, Connecticut, Chase "misrepresented to the plaintiff that the [p]roperty was available for purchase." Chase had been negotiating with a third party, the other defendants, Douglas and Kimberly Zeytoonjian, with whom a sales contract was entered into as well as with the plaintiff and to whom the property was subsequently conveyed. The Zeytoonjians had signed an agreement to purchase the property for $575,000, but CT Page 3799 subsequently requested a reduction in the price of $27,000. During this time period, Paul Ruby made an offer to purchase, received a counteroffer from Chase for $585,000 which he signed. Subsequently, the Zeytoonjians offered $575,000, and two separate contracts for sale of the same property were signed by Chase. The allegations of the CUTPA count also claim that "Chase used the existence of the Ruby [a]greement to induce Zeytoonjian to purchase the property without a price reduction for the condition of the [p]roperty." The count further alleges that Chase did not act in good faith in signing the Ruby agreement and accepting the deposit, alleging that it intended to sell to Zeytoonjian if the price reduction request was withdrawn. In essence, the plaintiff claims Chase used the Ruby contract to secure a full price contract from the Zeytoonjians.
 B. LAW
The Appellate Court has stated that, "[t]he same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Lester v. Resort Camplands Inter'nl, Inc., 27 Conn. App. 59,71, 605 A.2d 550 (1992). The majority of superior court cases considering this issue have held that a simple breach of contract claim cannot a CUTPA claim. "When the superior courts have permitted a CUTPA cause of action based on a breach of contract, there generally has been some type of fraudulent behavior accompanying the breach or aggravating circumstances. . . . The question therefore becomes whether the plaintiff has alleged in its complaint the substantial aggravating circumstances violation." (Citations omitted; internal quotation marks omitted.)Cormier v. Ulster Savings Bank, Superior Court, judicial district of New Britain at New Britain, Docket No. 483639 (November 8, 2000, Shapiro,J.).
 "It has been held that a "misrepresentation' can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would in effect be a deceptive act." Designs on Stone, Inc. v. John Brennan Construction Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059997 (April 9, 1998, Corradino, J.) (21 Conn.L.Rptr. 659, 660). CUTPA liability should not be imposed, however, when a defendant merely has not delivered on a promise unless the defendant made a representation as to a future fact coupled with a present intent not to fulfill the promise. Id., 660-61. "The court is not aware of a case that holds that a statement predictive of future conduct — here performance under a contract — somehow becomes a "misrepresentation' for CUTPA purposes simply when the party making the representation CT Page 3800 cannot deliver on the promise." Talbot v. Kirkup, Superior Court, judicial district of New London at New London, Docket No. 551986 (September 20, 2000, Corradino, J.).
In considering this motion to strike, the court must keep in mind that "[t]he purpose of a motion to strike is to contest . . . the legal sufficiency of the allegation of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994); see also Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 580.
 C. DISCUSSION
In the present case, the plaintiff alleges that Chase knew or should have known at the time the Ruby agreement was entered into that it would not be able to, or did not intend to fulfill its duties under the terms of the contract. (Revised Complaint, ¶ 15c.) Construing the allegations in the revised complaint in the light most favorable to the plaintiff that the defendant did not "intend to fulfill its duties under the terms of the contract," the court concludes that the allegations set forth sufficiently "aggravating" circumstances, more than a failure to deliver on a promise, to support a CUTPA violation based on breach of contract. Whether the evidentiary proof is sufficient to establish this claim will await the trier of fact at trial.
BY THE COURT
_______________________ Barbara M. Quinn, Judge