[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motion to Strike
In Wasicki v. Metal Management, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 274952, an employee of the defendant herein, Femco Machine Company, Inc. ("Femco"), sued the plaintiff herein, Metal Management, Inc. ("Metal Management"), for negligence arising from an industrial accident. The court, Skolnick, J., denied the motion of Metal Management to implead Femco for indemnity purposes. SeeWasicki v. Metal Management, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 274952 (March 22, 2002, Skolnick, J.). Metal Management has now filed this separate action for indemnity against Femco. Femco moves to strike.
Although this court may not be absolutely bound by Judge Skolnick's denial of the motion by the plaintiff herein to implead Femco in the underlying negligence case, this court is persuaded that Judge Skolnick reached the correct result and that the plaintiff should not be allowed to circumvent his ruling by filing this action. This court also relies on the well-reasoned decision in Scrivenes v. Pepperidge Farms, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 039946 (January 10, 1997, Corradino, J.) (18 Conn.L.Rptr. 426). That case holds that, in view of the strong public policy behind the exclusivity provisions of the workers compensation act, General Statutes § 31-284 (a), and in the absence of a special relationship such as joint property ownership or an express contractual indemnity agreement, as discussed in Ferryman v. City of Groton, 212 Conn. 138, 144-46,561 A.2d 432 (1989), an alleged tortfeasor that seeks indenmity from an employer as a result of an injury to an employee must allege and prove that there was at least an explicit agreement by the employer to perform work for the alleged tortfeasor with due care. See id., 145 ("`The right to indemnity is clear when the obligation springs from a separate contractual relation, such as . . . a contractor's obligation to perform his work with due care'").
In this case, there is no special relationship such as joint property CT Page 13754 ownership and no express contractual provision to indemnify. The plaintiff relies instead on a claimed implied promise of indemnity. There is no allegation, however, that the defendant promised to perform work for the plaintiff with due care. Indeed, the plaintiff alleges only that the defendant had an "agreement" with the plaintiff to rebuild or repair some equipment on the plaintiffs premises, without alleging any of the elements or provisions of the actual contract between the two parties. Although the plaintiff alleges that the defendant breached a duty to perform the work in question with reasonable care, the plaintiff does not allege that this duty arose from a provision of a contract between the parties. (Complaint, ¶ 9.)
At most, the plaintiff can only argue that the alleged contract contains an implied promise by the defendant to do the work with due care, which in turn gives rise to an implied agreement to indemnify the plaintiff in the event of the plaintiffs liability to the employee. The plaintiffs reliance on an implication from an implication is not enough to overcome the will of the General Assembly, stated expressly in our state's workers compensation act, that "[a]n employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter. . . ." General Statutes § 31-284 (a). Scrivenes v.Pepperidge Farms, Inc., supra.
The motion to strike is granted.
 Carl J. Schuman Judge, Superior Court
CT Page 13755