[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have moved to strike the plaintiff's complaint alleging slander and negligent infliction of emotional distress. For the reasons given below, the motion to strike must be denied.
The plaintiff alleges that the defendants communicated false information about the plaintiff to the Department of Children and Families and to the Thomaston Police Department. The plaintiff alleges that these statements were communicated by the defendants with actual or constructive knowledge of their falsity. For purposes of this motion to strike, these allegations of the complaint are assumed to be admitted. RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142 (1989).
It is the defendants' position that the plaintiff has no civil remedy for a knowingly false statement to DCF or to a police department because communication to these agencies does not constitute publication. The defendants' position is not entirely clear on this point but seems to be that there is no publication because the records of DCF are confidential. The defendants cite no support for this position. Certainly the filing of a knowingly false report to DCF can have significant negative consequences for the person falsely accused even though the report remains confidential within DCF. The defendants never explain why the report to the Thomaston Police Department does not constitute publication.
A fair reading of the defendants' brief leads to the conclusion that the defendants' real position is that their reports should be clothed with immunity because they were made with a good faith belief in their truth. But, for purposes of this motion to strike, the court must assume the truth of the allegations of the complaint that the reports were false and that the defendants knew or should have known that they were false. This negates the possibility that the reports were made in good faith. Even mandated reporters have immunity only if their reports are made in CT Page 2126 good faith. C.G.S. Section 17a-101e (b). The defendants were not mandated reporters and can not expect to receive any greater immunity than accorded to mandated reporters. In fact, any person who makes a knowingly false report of child abuse may be fined not more than $2,000 or imprisoned not more than one year or both. It would be incongruous if the defendants were immune from civil liability in this situation.
For these reasons the motion to strike is denied.
John W. Pickard
Judge of the Superior Court CT Page 2127